**WESTPORT INSURANCE CORPORATION, Plaintiff–Counter–Defendant–Appellee,**

v.

**GOLDBERGER & DUBIN, P.C., Paul A. Goldberger, Lawrence A. Dubin, and Samuel H. Kelner, Esq., Defendants–Counter–Claimants–Appellants.**

Nos. 06–1427–cv(L), 06–4636–cv(con).

United States Court of Appeals, Second Circuit.

Nov. 29, 2007.

Wendy Shepps (Mark K. Anesh on the brief), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for Appellee.

Michael A. Miranda, Miranda, Sokoloff, Sambursky, Slone, Verveniotis LLP, Mineola, NY, for Appellants.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon, GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Appellants Goldberger & Dubin, P.C., Paul Goldberger, Lawrence A. Dubin, and Samuel H. Kelner appeal the district court's March 8, 2006 award of summary judgment to Westport Insurance Corporation, and its September 14, 2006 order denying Appellants' motion for reconsideration of that judgment.

Judge Jones found that Westport was not obliged to cover a malpractice lawsuit brought against the Appellants, holding that, when the policy was issued, Goldberger "could have reasonably foreseen" that the negligent actions of Kelner "might be expected to be the basis of a claim or suit," and that hence the suit was excluded by the terms of the policy. For the purposes of our *de novo* review of the district court's award of summary judgment, we construe the record in the light most favorable to the non-moving party. *Hoyt v. Andreucci,* 433 F.3d 320, 327 (2d Cir.2006). We therefore assume that Mrs. Latona, Appellants' client, told Appellants that she did not want to bring an action for malpractice notwithstanding their negligence.

Courts construing similar exclusion clauses under the laws of different states have adopted varying approaches to the relevance of such statements by clients. Here, the district court found persuasive a decision construing Pennsylvania law, *Mount Airy Insurance Co. v. Thomas,* 954 F.Supp. 1073 (W.D.Pa.1997), *summarily aff'd,* 149 F.3d 1165 (3d Cir.1998). On the *Mount Airy* view, a client's assurances are irrelevant to the question of whether the exclusion applies. *Mt. Airy,* 954 F.Supp. at 1080 ("Any dispute over whether the defendant believed, on the basis of his relationship with his client or his impression of that client's reaction to the situation, that the client *would* make a claim is not relevant to our analysis."). Other courts have deployed a less purely "objective" inquiry, holding that a client's assurances may, in appropriate circumstances, be taken into account when deciding what an attorney in the insured's position could reasonably have foreseen. *See, e.g., Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P,* 267 F.Supp.2d 601, 608 (E.D.Tex.2003) ("[T]he exclusion must be read so as to ask the following question: What would any reasonable attorney expect, *given the facts of which the insured was actually aware?* ").

No court in New York, whose law provides the rule of decision in this case, has addressed the question. It is not necessary, however, to predict the path the New York courts would take, because Westport is entitled to summary judgment either way. Under any reasonable interpretation of the policy, even a low probability of suit would trigger Exclusion B. Given the clear evidence of a breach of duty by the lawyer to the client, even taking into account Mrs. Latona's statement that she would not bring a malpractice action, no

reasonable juror could find that any insured could not reasonably have foreseen that Mrs. Latona might be expected to change her mind and file a malpractice suit.

Appellants also raise an equitable estoppel argument, which was not initially presented to the court below. For that reason, we will not consider it. *SEC v. Monarch Funding Corp.*, 192 F.3d 295, 308–09 (2d Cir.1999). We note, in passing, that the estoppel argument seems likely to be without merit.

After judgment was entered, Appellants moved unsuccessfully for reconsideration in light of several arguments they had failed to raise in response to the summary judgment motion. The district court's decision to deny a Rule 60(b) motion is reviewed for abuse of discretion, *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 459 (2d Cir.1994), and we find none here. New arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief. *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986).

We have considered all of the Appellants' arguments, and have found them to be without merit. Accordingly, the district court's judgment is AFFIRMED.