■ CPA Mutual Insurance Company of America Risk Retention Group, Respondent, v Weiss & Company et al., Appellants. [915 NYS2d 57]—

Order and judgment (one paper), Supreme Court, New York County (Marylin G. Diamond, J.), entered August 25, 2009, granting plaintiff summary judgment and declaring that plaintiff does not have an obligation to defend or indemnify defendants against a professional liability claim asserted in federal court, unanimously affirmed, with costs. Order, same court and Justice, entered April 9, 2010, which, insofar as appealable, denied defendants' motion to renew, unanimously affirmed, with costs.

The court correctly found that the unambiguous prior knowledge exclusion, which entitled plaintiff to disclaim its obligation to defend or indemnify defendants for "any . . . Interrelated Act[s] or Omission[s]" which, before the effective date of the policy, defendants "believe[d] or [had] a basis to believe . . . might result in a Claim," applied here. The evidentiary record establishes that defendants, prior to the policy's effective date, had subjective knowledge of numerous facts pertaining to a fraudulent scheme undertaken by their clients, which involved or implicated defendants as well. Given this evidence, it was unreasonable for defendants to have failed to foresee that these facts might form the basis of a claim against them (*see Executive Risk Indem. Inc. v Pepper Hamilton LLP*, 13 NY3d 313, 322-323 [2009]; *see also Quanta Lines Ins. Co. v Investors Capital Corp.*, 2009 WL 4884096, 2009 US Dist LEXIS 117689 [SD NY 2009], *affd* 2010 WL 4608763, 2010 US App LEXIS 23594 [2010]; *Westport Ins. Corp. v Goldberger & Dubin, P.C.*, 255 Fed Appx 593, 594-595 [2d Cir 2007]).

The court properly denied defendants' motion to renew. Defendants' subjective belief they were not facing a claim in connection with the fraud committed by their clients, even if set forth in the affidavit of defendant Weiss, would not have warranted a different result. The record shows that such a belief would not have been reasonable under the circumstances. Moreover, defendants' speculation as to what their prior attorneys "apparently believed" did not excuse their failure to submit Weiss's affidavit when the original motion was heard. "Renewal is granted sparingly . . . ; it is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Matter of Weinberg*, 132 AD2d 190, 210 [1987], *lv dismissed* 71 NY2d 994 [1988]).

In light of the foregoing, we need not reach plaintiff's alternative grounds for disclaimer of coverage. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.