Koplowitz v King (2018 NY Slip Op 02024)





Koplowitz v King


2018 NY Slip Op 02024


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6084 301160/12

[*1]Mark Koplowitz, Plaintiff-Respondent,
v
Edwin King, Defendant-Appellant.


Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for appellant.
Deutsch & Schneider, LLP, Glendale (Doris Barkhordar of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered September 8, 2016, which, insofar as appealable, denied defendant's motion to renew (1) plaintiff's motion for specific performance of a contract to sell real property and (2) defendant's motion to reargue plaintiff's motion, and to vacate the order granting plaintiff's motion, unanimously affirmed, without costs.
This appeal is not moot as plaintiff failed to move to dismiss on that ground in this Court, submitting certain documents as exhibits, rather than improperly mentioning those documents in his appellate brief (see Chimarios v Duhl, 152 AD2d 508, 509 [1st Dept 1989]).
The denial of reargument is not appealable (see e.g. Corporan v Dennis, 117 AD3d 601 [1st Dept 2014]). Hence, we will address defendant's contentions with respect to renewal and vacatur only.
Plaintiff's failure to include his February 2012 letter when he moved for specific performance does not amount to "fraud, misrepresentation, or other misconduct" (CPLR 5015[a][3]) warranting vacatur. Contrary to defendant's claim, that letter does not show that he properly cancelled the parties' contract.
This is not a case that cries out for vacating an order in the interests of justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Defendant was represented by counsel when he entered into the contract at issue in this case.
There is no basis for renewal of defendant's motion for reargument; defendant does not claim that the law changed between February 2016 and April 2016, when he moved for renewal (see CPLR 2221[d][2]; [e][2]).
As for renewal of plaintiff's motion for specific performance, the February 2012 letter is not new evidence (see e.g. Matter of Weinberg, 132 AD2d 190 at 214 [1st Dept 1987]). Even if we were to consider it, we would affirm the denial of the motion, because the letter "would not have warranted a different result" (CPA Mut. Ins. Co. of Am. Risk Retention Group v Weiss & Co., 80 AD3d 431, 432 [1st Dept 2011]; CPLR 2221[e][2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK