American Med. Alert Corp. v Evanston Ins. Co. (2020 NY Slip Op 03748)





American Med. Alert Corp. v Evanston Ins. Co.


2020 NY Slip Op 03748


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11762 655974/16

[*1] American Medical Alert Corp., Plaintiff-Appellant,
v
Evanston Insurance Company, Defendant-Respondent, Michael G. Kaiser, M.D., et al., Defendants.


Clemente Mueller, P.A., New York (William F. Mueller of counsel), for appellant.
Tressler LLP, New York (Royce F. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered June 12, 2019, which (1) granted defendant Evanston Insurance Company's (Evanston) cross motion for summary judgment for a declaration that it had no duty to defend and indemnify plaintiff American Medical Alert Corp. (AMAC), and to dismiss the complaint, and (2) denied AMAC's motion for summary judgment, unanimously affirmed, with costs.
The IAS court properly declared that Evanston had no duty to indemnify AMAC, based on the prior knowledge condition in the policy. Under the two-pronged "subjective/objective" test, the court must "first . . . consider the subjective knowledge of the insured and then the objective understanding of a reasonable [person] with that knowledge" (Liberty Ins. Underwriters, Inc. v Corpina Piergrossi Overzat & Klar LLP, 78 AD3d 602, 604 [1st Dept 2010]; CPA Mut. Ins. Co. of Am. Risk Retention Group v Weiss & Co., 80 AD3d 431 [1st Dept 2011]). In applying this test, the IAS court properly found that AMAC's admitted knowledge of the "relevant facts" in this case would lead a reasonable person in possession of those facts to "expect such facts to be the basis of a claim" (Liberty Ins., 78 AD3d at 605). Specifically, AMAC does not contest that its errors caused a "serious delay" in the underlying plaintiff receiving the "patient care she needed." Instead, its acknowledgment that directing calls promptly to doctors in situations where time was of the essence was precisely the function that the Hospital had hired it to perform. AMAC's attempts to add additional requirements to the subjective/ objective test that the law does not require were properly rejected by the IAS court.
We have considered the parties' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK