22-1009
*N. River Ins. Co. v. Leifer*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-three.

PRESENT:

> PIERRE N. LEVAL,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
>     *Circuit Judges*.

———————————————————————————

THE NORTH RIVER INSURANCE COMPANY,

    *Plaintiff-Appellee*,

    v.                                                            No. 22-1009

MAX D. LEIFER, LAW OFFICES OF MAX D. LEIFER, P.C.,

    *Defendants-Appellants*.\*

———————————————————————

———————————————

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellee:**  Katelin B. O'Rourke Gorman, Timothy D. Kevane, Lauren E. Boulbol, Clyde & Co US LLP, New York, NY.

**For Defendants-Appellants:**  Max D. Leifer, pro se, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Valerie Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants Max D. Leifer and the Law Offices of Max D. Leifer, P.C. (together, "Leifer") appeal from a judgment of the district court declaring that Plaintiff The North River Insurance Company ("NRIC") had no obligation to defend or indemnify Leifer in connection with a malpractice lawsuit brought by Andy Lee, an individual to whom Leifer had previously given legal advice. In granting NRIC's motion for judgment on the pleadings, the district court concluded that Lee's lawsuit was not covered by the professional-liability insurance policy (the "Policy") that NRIC had issued to Leifer. We review the district court's grant of judgment on the pleadings de novo and will affirm if,

2

taking all factual allegations in Leifer's answer as true, NRIC is entitled to judgment as a matter of law. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On September 16, 2019, Leifer applied for professional-liability insurance with NRIC. After approving the application, NRIC issued Leifer the Policy, which covered "all Damages and Defense Expenses" arising out of any "Claim first made against [Leifer] during the Policy Period" – here, October 20, 2019 to October 20, 2020. Suppl. App'x at 46, 48 (emphasis omitted). Like many insurance policies, the Policy excluded certain types of claims from coverage. As relevant here, the Policy did not cover claims based upon "facts or circumstances of which [Leifer] had knowledge as of the effective date of [the Policy] and which could reasonably have been expected to give rise to a Claim" (the "Prior Knowledge Exclusion"). *Id.* at 53–54 (emphasis omitted).

Under New York law, which the parties agree governs this action, an insurer has a duty to defend when there is a possibility that it "might eventually be . . . obligated to indemnify the insured under any provision of the insurance policy." *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 82 (2d Cir. 2013) (internal

3

quotation marks and alterations omitted).  To prove that it had no duty to defend, NRIC was thus required to show either that (1) none of the allegations in Lee's malpractice suit were potentially covered under the Policy, or (2) the facts alleged in that suit were excluded by the Policy.  Leifer argues that the district court erred when it concluded that the facts underlying Lee's suit fell within the Policy's Prior Knowledge Exclusion.  We disagree.

Leifer's own pleadings leave no doubt that, at the time of the Policy's effective date, (1) Leifer had knowledge of the facts and circumstances giving rise to Lee's malpractice claim, and (2) a reasonable attorney would have understood that Leifer's conduct could reasonably have been expected to give rise to a malpractice claim. *See Liberty Ins. Underwriters, Inc. v. Corpina Piergrossi Overzat & Klar LLP*, 913 N.Y.S.2d 31, 33 (1st Dep't 2010) (analyzing a prior-knowledge exclusion based on the "subjective knowledge of the insured and then the objective understanding of a reasonable attorney with that knowledge" (internal quotation marks omitted)).  In his answer to NRIC's complaint, Leifer admitted that he advised Lee not to file an answer in a state-court action in which Lee was named as a defendant, and later sought leave to interpose a late pleading after the plaintiff moved for a default judgment.  But the state court denied Leifer's request and

4

ultimately entered a default judgment against Lee, citing (among other reasons) Leifer's failure to file an affidavit from his client, as required under New York's Civil Practice Law and Rules.[1]  *See Baldwin v. Mateogarcia*, 869 N.Y.S.2d 217, 218 (2d Dep't 2008) (holding that an attorney's submission is insufficient to oppose default judgment where, as here, he has no "personal knowledge of the facts"). Based on these undisputed facts, which were known to Leifer before the effective date of the Policy, a reasonable attorney would have appreciated that Leifer's conduct in Lee's case might have exposed him to a claim for malpractice.  *See Shapiro v. Butler*, 709 N.Y.S.2d 687, 689 (3d Dep't 2000) (explaining that "failure to timely interpose an answer in an action in which his or her client is a defendant constitutes prima facie evidence of legal malpractice"); *Brodeur v. Hayes*, 795 N.Y.S.2d 761, 762 (3d Dep't 2005) (same).

---

[1] Although Leifer's answer inexplicably denies the assertion that the state court entered default judgment against Lee, we may still take judicial notice of the fact that the court did enter such a judgment.  *See Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) (noting that courts may take judicial notice of state-court judgments and filings); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (holding that matters judicially noticed by a court "are not considered matters outside the pleadings"); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (recognizing that a court need not accept factual allegations that conflict judicially noticed records).  Indeed, the appendix attached to Leifer's brief includes the state court's order granting plaintiff's motion for a default judgment, as well as Leifer's own opposition to that motion.  *See* App'x at 37–39, 70–72.

5

Leifer's arguments to the contrary fall short. Leifer first argues that he advised Lee to file an answer, but that Lee never retained him to do so. But that contention is contradicted by Leifer's answer in this case, in which he admitted that he "took the position of not entering an Answer" in the state-court action against Lee. App'x at 66; *see also Lively*, 6 F.4th at 305 ("When the plaintiff moves for judgment on the pleadings, the defendant's denials and allegations [in] the answer . . . must be taken as true." (internal quotation marks and alterations omitted)). Given that we must take Leifer's assertions in his answer to NRIC's complaint as true, Leifer is not permitted to rely on facts that fall "outside the pleadings" to tell a different tale. *Lively*, 6 F.4th at 302 (internal quotation marks omitted).

Leifer next argues that his decision not to file an answer was justified because Lee had no meritorious defenses. But this assertion is contradicted by Leifer's own affirmation in opposition to the motion for default judgment in the state-court action against Lee, in which Leifer affirmatively stated that Lee *did* in fact have a "meritorious defense." App'x at 71. We need not resolve this apparent contradiction between Leifer's answer in the district court and his affirmation in the state court, for the simple reason that any reasonable lawyer in Leifer's shoes

6

– having filed a court document asserting the existence of a meritorious defense after previously advising the defendant not to file an answer in that action – would recognize the likelihood of being named in a future malpractice lawsuit following the entry of a default judgment in that action.

Finally, Leifer insists that he had no reason to anticipate the malpractice suit since Lee had thanked him for his services. The relevant question, however, is not whether Leifer believed that Lee would bring a malpractice claim, but whether a reasonable attorney, based on the facts known to Leifer at the time, could have expected one. And on that score, Leifer's admitted conduct leaves no room for dispute. *See Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 F. App'x 593, 594 (2d Cir. 2007) (concluding that lawyer "could have reasonably foreseen" malpractice action even though the client had stated that she would not bring one).

Based on the admissions contained in Leifer's answer to this action, the district court properly concluded that Leifer had knowledge of the facts and circumstances giving rise to Lee's claim at the time of the Policy's effective date and that a reasonable attorney would have understood that such conduct exposed him to a malpractice claim. The district court therefore did not err in granting judgment on the pleadings to NRIC and declaring that it had no obligation to

7

defend or indemnify Leifer in connection with the malpractice action brought by Lee.

We have considered Leifer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
