OPINION OF THE COURT
Memorándum.
Ordered that the order is affirmed without costs.
Plaintiff, allegedly a co-owner of an automobile involved in an accident with defendant’s truck, brought the instant small claims action to recover for damage to the automobile. Defendant moved to dismiss the action pursuant to CPLR 3211 (a) (5), alleging that Maria Gonzalez, an owner of the automobile, had previously brought a small claims action against it to recover for damage sustained to the vehicle in the same accident, and that judgment had been entered, pursuant to an arbitrator’s award, in favor of Gonzalez. In this action, plaintiff alleges that he is seeking damages for “loss of use and expenses.” The Civil Court granted defendant’s motion and dismissed the instant action.
It is well settled that “[r]es judicata bars future litigation between the same parties, or those in privity with the parties, of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding” (Matter of Edward Joy Co. v Hudacs, 199 AD2d 858, 859 [1993]; see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]; Watts v Swiss Bank Corp., 27 NY2d 270, 277 [1970]; Lazides v P & G Enters., 58 AD3d 607, 609 [2009]). To establish privity between a party and a nonparty to a prior action, the connection between them “must be such that the interests of the nonparty can be said to have been represented in the prior proceeding” (Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]).
CCA 1808 provides that a small claims judgment “may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any facts at issue or found therein in any other action or court” (Omara v Polise, 163 Misc 2d 989, 990 [App Term, 2d & 11th Jud Dists 1995]; Chorekchan v Forman, 18 Misc 3d 127[A], 2007 NY Slip Op 52362[U] [App Term, 2d & 11th Jud Dists *80 2007]). In Ornara, this court, quoting from Siegel, New York Practice § 585 (2d ed), stated that “[t]he provision was not intended to divest the small claims judgment of its ‘claim preclusion’ effect, which is the more technical meaning of ‘res judicata’, but rather of its ‘collateral estoppel’ or ‘issue preclusion’ use” (163 Misc 2d at 990). Plaintiffs attempt to recover damages in this action is barred by the doctrine of res judicata since plaintiff is allegedly a co-owner of the damaged vehicle and, as such, is united in interest with Gonzalez (see Payne v Payne, 28 NY2d 399, 404 [1971]). Consequently, the instant action was properly dismissed pursuant to CPLR 3211 (a) (5). Accordingly, the order is affirmed as substantial justice was done between the parties according to the rules and procedures of substantive law (CCA 1807).
Steinhardt, J.P, Pesce and Rios, JJ., concur.