■ ROBERT CHAPMAN, Also Known as CHAPMAN ROBERTS, et al., Appellants, v PIERRE DANIEL FAUSTIN et al., Respondents. [55 NYS3d 219]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 25, 2016, which granted defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs.

The motion court properly dismissed the amended complaint on res judicata grounds (*Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]). The instant action, like the small claims action brought by plaintiff Robert Chapman, seeks relief for defendants' alleged failure to render proper accounting services. That plaintiffs now seek different damages than sought in the small claims action does not alter this conclusion, as plaintiffs could have pursued all relief in a single action in the Supreme Court, but opted instead to pursue the claim in the Small Claims Part of the Civil Court, where any recovery would be capped at $5,000, "exclusive of interest and costs" (NY City Civ Ct Act § 1801). New York City Civil Court Act § 1808 does not divest the small claims judgment of its res judicata, or claim preclusion, effect (*Chin v Interboro Petroleum Transporter, Inc.*, 28 Misc 3d 78 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). "[W]here a plaintiff in a later action brings a claim for damages that could have been presented in a prior . . . proceeding against the same party, based upon the same harm and arising out of the same or related facts, the claim is barred by res judicata" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347-348 [1999]). Accordingly, plaintiff's Small Claims Court judgment against defendant Pierre D. Faustin for failure to provide proper accounting services bars the instant action, even though, were plaintiff to have brought and proven his claims in Supreme Court in the first instance, he could have sought a larger award.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.