16-3396-cv
Rodriguez-Depena v. Parts Authority, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2017

Argued:  September 18, 2017                    Decided: December 12, 2017

Docket No. 16-3396

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JUAN RODRIGUEZ-DEPENA,

        Plaintiff-Appellant,

                v.

PARTS AUTHORITY, INC., MICHIGAN LOGISTICS INC., NORTHEAST
LOGISTICS INC., AKA Diligent Delivery Systems,

        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN, CALABRESI, and POOLER, <u>Circuit Judges</u>.

Appeal from the Sept. 30, 2016, judgment of the District Court for the

Eastern District of New York (Eric N. Vitaliano, District Judge), ordering

arbitration of a claim under the Fair Labor Standards Act and dismissing a

complaint for violations of that Act.

Affirmed.

1

Abdul K. Hassan, Abdul Hassan Law Group, PLLC, Queens Village, NY, for Plaintiff-Appellant.

Andrew P. Marks, Dorf & Nelson, LLP, Rye, NY, for Defendants-Appellees Parts Authority, Inc., Michigan Logistics Inc., and Northeast Logistics Inc.

JON O. NEWMAN, Circuit Judge:

The issue on this appeal is whether claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, are subject to arbitration. The issue arises on an appeal by Juan Rodriguez-Depena from the September 30, 2016, judgment of the District Court for the Eastern District of New York (Eric N. Vitaliano, District Judge). The judgment granted the motion of Parts Authority, Inc., Michigan Logistics, Inc., and Northeast Logistics, Inc., aka Diligent Delivery Systems ("Diligent") to compel arbitration, and dismissed the complaint alleging FLSA violations.

We conclude that FLSA claims are arbitrable and therefore affirm.

## Background

Rodriguez-Depena was employed by the three defendants in 2015, all of which controlled his employment. His employment contract with Diligent contained a clause requiring arbitration of any dispute arising out the contract.

He sued the defendants in the District Court, alleging that he was denied overtime pay in violation of the FLSA.

The District Court ordered arbitration and dismissed the complaint. The Court relied on Judge Weinstein's thorough opinion in *Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527 (E.D.N.Y. 2016), *appeal dismissed for lack of jurisdiction*, No. 16-3348 (July 13, 2016) (mem).

Discussion

Statutory claims are arbitrable unless Congress "has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). In the absence of any such indication of congressional intent, Rodriguez-Depena urges us to preclude arbitration on the authority of *Barrentine v. Arkansas-Best Freight Systems, Inc.*, 450 U.S. 728 (1981). The issue in *Barrentine* was whether an employee may sue in a district court for an alleged FLSA violation "after having unsuccessfully submitted a wage claim based on the same underlying facts to a joint grievance committee pursuant to the provisions of his union's collective-bargaining agreement." *Id.* at 729-30. Upholding the right to sue in a district court despite the grievance proceeding, the Supreme Court contrasted collective rights arising

3

out of a collective-bargaining agreement with individual rights conferred by a federal statute, in that case, the FLSA. *See id.* at 737.

Ten years later, the Supreme Court in *Gilmer* upheld the enforcement of contractually required arbitration for an individual's claims under the Age Discrimination in Employment Act of 1967 ("ADEA"). In doing so, the Court emphasized that in *Barrentine* the Plaintiff was granted access to a district court to assert his statutory claim after arbitration because the basis for the rights that had been previously asserted was a collective bargaining agreement. *See Gilmer*, 500 U.S. at 35. In light of *Gilmer*'s explanation of the limited rationale of *Barrentine,* the earlier decision cannot fairly be read to preclude arbitration of an individual FLSA claim.[1] Judge Weinstein's opinion in *Bynum* convincingly ruled in favor of enforcing arbitration of such claims. To the same effect are *Bailey v. Ameriquest Mortgage Co.*, 346 F.3d 821, 824 (8th Cir. 2003), and *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002).

---

1 A parenthetical description of Barrentine in Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987), describing Barrentine as "finding congressional intent that Fair Labor Standards Act of 1938 claims be nonarbitrable," was written before the Supreme Court authoritatively explained the limited rationale of that case in Gilmer. The parenthetical, not even rising to the level of dictum, had no bearing on the outcome of Genesco and must be regarded as abrogated by Gilmer.

Rodriguez-Depena makes several other arguments all of which lack merit. He contends that the FLSA precludes arbitration because it authorizes suit "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). *Gilmer* rejected the argument that similar statutory language in the ADEA was a bar to arbitration of claims under that statute. He next contends that arbitration is precluded because it can be expensive. In *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 299 n.11 (2d Cir. 2013), we considered it unnecessary to consider cost-sharing provisions in rejecting a similar claim, relying on *American Express Co v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2311 n.4 (2013). To whatever extent a claim of barriers to entry into arbitration might preclude the "effective vindication" of statutory rights, *id*. at 2311, Rodriguez-Depena has not made a sufficient showing to support such a claim. The Appellant also contends that FLSA claims cannot be arbitrable because stipulated dismissals settling such claim brought in a district court require court approval, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The rationale of *Cheeks*, however, is assurance of the fairness of a settlement of a claim filed in court, not a guarantee of a judicial forum.

Even if FLSA claims are subject to arbitration, the Appellant contends that the claims in this case are not arbitrable because the agreement was not signed by Parts Authority and Michigan Logistics and his ability to read English is limited. As the District Court ruled, however, the Appellant's dispute with the non-signatories was factually intertwined with his dispute with Diligent, *see Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 126-27 (2d Cir. 2010), and a language barrier does not prevent enforcement of contract obligations, *see Myskina v. Conde Nast Publications, Inc.*, 386 F. Supp. 2d 409, 415 (S.D.N.Y. 2005).[2]

Conclusion

The judgment ordering arbitration and dismissing the complaint is affirmed.

---

[2] The Appellant's claim that he was a transportation worker, within the exemption of the Federal Arbitration Act for such workers, see Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 109 (2001), was not presented to the District Court, and need not be considered. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (general rule not to consider on appeal issues not ruled on in trial court); Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006) (same).