Platon v Linden-Marshall Contr. Inc. (2019 NY Slip Op 07015)





Platon v Linden-Marshall Contr. Inc.


2019 NY Slip Op 07015


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9952 657256/17

[*1]Ana Maria Platon, Plaintiff-Respondent,
v
Linden-Marshall Contracting Inc., Defendant-Appellant.


Ahmuty, Demers & McManus, New York (Glenn A. Kaminska of counsel), for appellant.
Frey & Kozak LLP, New York (Zachary A. Kozak of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered September 10, 2018, which, insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiff's claims for statutory right to cancel the contract, negligence, fraud in the inducement, and statutory penalties pursuant to the General Business Law, unanimously reversed, on the law, without costs, and the motion granted as to these claims. The Clerk is directed to enter judgment dismissing the complaint.
This action arises out of allegedly unsatisfactory renovation work performed by defendant on a bathroom owned by plaintiff. A prior action in small claims court resulted in a judgment, after trial, dismissing plaintiff's breach of contract claim in connection with this work and awarding defendant judgment on its counterclaim. The parties dispute whether plaintiff is now barred by the doctrine of res judicata from asserting the instant claims for negligence, fraud in the inducement, and violations of the General Business Law.
The doctrine of res judicata bars all claims "arising out of the same transaction or series of transactions" as a claim that was previously resolved "on the merits" and which the party opposing preclusion had "a full and fair opportunity to litigate" (Matter of Hunter, 4 NY3d 260, 269 [2005]). Under this transactional approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v Syracuse, 54 NY2d 353, 357 [1981]). Although judgments of the small claims court are statutorily prohibited from having collateral estoppel or issue preclusive effect (see City Court Act [CCA] § 1808), this provision "does not divest the small claims judgment of its res judicata, or claim preclusion, effect" (Chapman v Faustin, 150 AD3d 647, 647 [1st Dept 2017]).
We find that plaintiff's negligence, fraudulent inducement, and General Business Law claims are barred by the doctrine of res judicata, as they arose out of the same transaction or occurrence as plaintiff's prior breach of contract claim - i.e., defendant's contract to perform and allegedly poor-quality performance of renovation work. It does not matter that plaintiff now [*2]requests greater damages or that the small claims part has jurisdictional limits on the amount of damages that may be sought (see CCA § 1801), as it was plaintiff's choice to proceed in that court first (see Chapman, 150 AD3d at 647).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK