*Simmons v. Trans Express Inc.*

# United States Court of Appeals
## For the Second Circuit

August Term 2019

Argued: January 17, 2020
Certified to New York Court of Appeals: April 13, 2020
Decided: October 26, 2021

No. 19-438

CHARLENE SIMMONS,

*Plaintiff-Appellant,*

*v.*

TRANS EXPRESS INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of New York
No. 18-cv-5938, Eric N. Vitaliano, *Judge.*

Before: SULLIVAN AND BIANCO, *Circuit Judges.**

Plaintiff-Appellant Charlene Simmons sued Defendant-Appellee Trans Express Inc. under the Fair Labor Standards Act and the New York Labor Law,

---

* Judge Peter W. Hall was a member of this panel and participated in its pre-certification deliberations prior to his passing on March 11, 2021. Judges Sullivan and Bianco have acted as a quorum with respect to this opinion and judgment. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b).

alleging that she was entitled to unpaid overtime wages, liquidated damages, and attorneys' fees. Trans Express moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Simmons's suit is barred by claim preclusion because of a previous case involving the same parties in Queens Small Claims Court. The district court (Vitaliano, *J.*) granted Trans Express's motion. On appeal, Simmons contended that neither the state statute pertaining to New York City small claims court judgments nor "traditional" claim preclusion principles bar her federal suit. Because Simmons's appeal turned on a question of New York law for which no controlling decisions of the New York Court of Appeals existed and about which courts in the New York Appellate Division were divided, we certified the question to the Court of Appeals. Guided by its ruling that traditional claim preclusion principles apply to judgments of the small claims court, we now affirm the district court's dismissal of Simmons's suit on claim-preclusion grounds. We also hold that claim preclusion is a valid defense to an action brought under the FLSA.

AFFIRMED.

ABDUL K. HASSAN, Abdul Hassan Law Group, PLLC, Queens Village, New York, *for Plaintiff-Appellant* Charlene Simmons.

EMORY D. MOORE, JR. (P. Kevin Connelly, *on the briefs*), McDermott Will & Emery LLP, Chicago, Illinois, *for Defendant-Appellee* Trans Express Inc.

RICHARD J. SULLIVAN, *Circuit Judge*:

Plaintiff-Appellant Charlene Simmons sued Defendant-Appellee Trans Express Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), alleging that she was entitled to unpaid overtime wages, liquidated damages, and attorneys' fees. Because Simmons had

2

already won a judgment against Trans Express in Queens Small Claims Court, the district court dismissed her subsequent federal action, concluding that it was barred as a matter of state law under the doctrine of res judicata (alternatively known as claim preclusion). We certified to the New York Court of Appeals the question of what preclusive effect a judgment of the small claims court has on a subsequent wage-and-hour action. *Simmons v. Trans Express Inc.* (*Simmons I*), 955 F.3d 325, 331 (2d Cir. 2020). The Court of Appeals graciously accepted certification, *Simmons v. Trans Express Inc.*, 35 N.Y.3d 966 (2020), and advised us that small claims court judgments carry "the traditional res judicata or claim preclusive effect," *Simmons v. Trans Express Inc.* (*Simmons II*), 37 N.Y.3d 107, 110 (2021). With the benefit of the Court of Appeals' decision, we conclude that, under New York's law of claim preclusion, Simmons's suit is barred because of her prior small claims court action. We also reject Simmons's contention that the FLSA and/or NYLL bar the application of claim preclusion to those causes of action. Thus, we affirm the district court's dismissal of this case.

## I. BACKGROUND

The facts and initial procedural history of this case are set forth in our first opinion in this appeal, so we recount them only as relevant here. *See Simmons I,*

955 F.3d at 326–28. Simmons brought suit against Trans Express in Queens Small Claims Court in August 2018, seeking "monies arising out of nonpayment of wages." App'x at 18 (capitalization altered). The small claims court awarded Simmons a $1,000 judgment and a $20 disbursement to cover her out-of-pocket expenses.

On October 24, 2018, Simmons filed the instant federal action, alleging her entitlement to unpaid overtime wages and to additional compensation because Trans Express failed to furnish her with certain notices of her rights, as required by the NYLL. Citing the preclusive effect of the small claims court judgment, the district court dismissed Simmons's subsequent federal complaint. Simmons raised several arguments on appeal, principally contending that New York City Civil Court Act § 1808 ("Section 1808"), which governs the preclusive effect of judgments rendered by a small claims court, provides that such judgments are non-preclusive. Section 1808 provides:

> A judgment obtained under this article shall not be deemed an adjudication of any fact at issue or found therein in any other action or court; except that a subsequent judgment obtained in another action or court involving the same facts, issues and parties shall be reduced by the amount of a judgment awarded under this article.

4

N.Y. City Civ. Ct. Act § 1808. Because the Court of Appeals had yet to interpret Section 1808, and the Appellate Division had issued conflicting decisions on the scope of Section 1808 "that agree[d] that small claims court judgments have some preclusive effect," but "differ[ed] as to the contours of that effect," *Simmons I*, 955 F.3d at 329 (emphasis removed), we certified the following question to the New York Court of Appeals:

> Under New York City Civil Court Act § 1808, what issue preclusion, claim preclusion, and/or res judicata effects, if any, does a small claims court's prior judgment have on subsequent actions brought in other courts involving the same facts, issues, and/or parties? In particular, where a small claims court has rendered a judgment on a claim, does Section 1808 preclude a subsequent action involving a claim arising from the same transaction, occurrence, or employment relationship?

*Id.* at 331.

The New York Court of Appeals accepted certification and ultimately held that although "[S]ection 1808 abrogates . . . the common-law issue preclusive effect of small claims judgments," ordinary rules of claim preclusion apply to the judgments of the small claims court. *Simmons II*, 37 N.Y.3d at 114–15 & 115 n.3 (explaining that Section 1808 does not "replace traditional claim preclusion analysis with a narrower form of the doctrine"). The Court of Appeals then left to

5

us "the question of whether the federal claims brought by [Simmons] are precluded by the prior small claims judgment" in this case. *Id.* at 115.

## II. STANDARD OF REVIEW

We review the dismissal of a complaint and the application of claim preclusion *de novo*. *Simmons I*, 955 F.3d at 328 (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014)).

## III. DISCUSSION

"Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). New York law determines the preclusive effect of the judgment of the small claims court. *See Migra v. Warren Cty. Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). New York employs a "transactional" approach to claim preclusion, under which "the claim preclusion rule extends beyond attempts to relitigate identical claims . . . [to] *all other claims arising out of*

6

*the same transaction or series of transactions*." *Simmons II*, 37 N.Y.3d at 111 (quoting

*O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)).  In assessing whether claims

arise out of the "same transaction or series of transactions," New York courts

"analyze whether the claims turn on facts that 'are related in time, space, origin,

or motivation, whether they form a convenient trial unit, and whether their

treatment as a unit conforms to the parties' expectations or business

understanding or usage.'" *Id.* (quoting *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100–

01 (2005)).

Before conducting the transactional analysis, however, we first address a

threshold issue concerning whether the district court prematurely dismissed

Simmons's complaint.  Simmons argues that claim preclusion is an affirmative

defense that may not form the basis for dismissal on a Rule 12(b)(6) motion unless

all the elements of the defense are apparent from the face of the pleading.  But "in

ruling on a 12(b) motion to dismiss," the district court was also permitted to

"consider matters of which judicial notice may be taken."  *Staehr v. Hartford Fin.

Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (citation omitted).  This includes

the summons and the judgment sheet in Simmons's prior small claims case.  *See

Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)

7

("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.") (citation omitted); *Chrzanowski v. Lichtman*, 884 F. Supp. 751, 756 (W.D.N.Y. 1995) (taking "judicial notice of the application and judgment in [Buffalo's] Small Claims Court"). The district court properly took judicial notice of documents indicating the claims Simmons brought in small claims court, the remedies she sought, and the judgment she was awarded. As we explain, these documents provide sufficient basis for the district court's judgment granting the motion to dismiss.

### A. The "Transactional" Approach

Applying the principles of New York's transactional approach, we hold that Simmons's federal claims arise out of the same transaction as her small claims court suit and thus are barred. Simmons's federal complaint alleges that she is entitled to unpaid overtime wages. Her small claims suit raised substantially identical claims. Though Simmons attempts on appeal to recharacterize her small claims court suit as one for wrongful termination, the record belies that argument. The small claims court summons served on Trans Express advised that Simmons sought "to recover monies arising out of nonpayment of wages." App'x at 18 (capitalization altered). And the small claims court judgment awarded her $1,020

8

for "unpd. OT," obviously a notation for unpaid overtime. App'x at 20. Simmons's federal complaint seeks essentially the same relief, demanding damages in the form of "unpaid overtime compensation." App'x at 9. The claims in Simmons's two suits obviously "turn on facts that are related in time, space, origin, or motivation," *Simmons II*, 37 N.Y.3d at 111–12 (citation and quotation marks omitted), since both seek damages for nonpayment of overtime wages that she alleges her employer Trans Express withheld from her during the course of her employment.

But even if we were to indulge Simmons's recharacterization of her small claims court action to one alleging wrongful discharge, her claim would still be precluded, since New York law casts a broad preclusive net in the employment context. Indeed, courts applying New York law have precluded subsequent claims when the first action charged defamation and the second alleged age discrimination, *Bayer v. City of New York*, 983 N.Y.S.2d 61, 63 (2d Dep't 2014), and when the first action asserted wrongful discharge and defamation and the second alleged discrimination based on national origin, *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205–06 (2d Cir. 2002). The distance between wrongful discharge and non-payment of overtime wages is not nearly so great as these other causes of

9

action, with both claims clearly "arising out of the same transaction or series of transactions." *Simmons II*, 37 N.Y.3d at 110. Certainly, Simmons could have asserted both wrongful discharge and unpaid overtime claims in the small claims court action.

Simmons nevertheless argues that her small claims court judgment should not be given preclusive effect because the small claims court would not have had jurisdiction over all the claims brought in her federal action, since the damages she seeks here exceed the small claims court's $5,000 damages cap. But the highest New York judicial authority to pronounce on the matter has squarely rejected the argument that the small claims court's limited damages jurisdiction alters the preclusive effect of its judgments. *See Chapman v. Faustin*, 55 N.Y.S.3d 219, 220 (1st Dep't 2017). And it would be odd indeed if claim-preclusion restrictions could be defeated by a maneuver as elementary as pleading more than $5,000 worth of damages in the subsequent proceeding.[1]

---

[1] To be sure, claim-preclusion rules do not apply when there are "formal barriers in the way of a litigant's presenting to a court in one action the entire claim," but we have understood that restriction to refer to barriers on the *types* of remedies available in the first proceeding, such as when "a plaintiff [is] precluded from recovering damages in the initial action," not to barriers on the extent to which a remedy is available. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted).

10

Drawing on the guidance provided by New York courts, we have little difficulty concluding that Simmons's claims in this action are not just "related," but nearly identical "in time, space, origin, [and] motivation." *Xiao Yang Chen*, 6 N.Y.3d at 100–01. Because the claims concern common questions of fact and law – such as whether and to what extent Simmons worked in excess of forty hours per week, and whether and to what extent Trans Express compensated her for that overtime – her claims clearly would "form a convenient trial unit." *Id.* at 100.[2] For similar reasons, trying Simmons's federal claims along with her prior claims would "conform[] to the parties' expectations," *id.*, especially since "all of the causes of action asserted here" had already accrued when Simmons brought her small claims court action and "could have been raised" at that time, *Bayer*, 983 N.Y.S.2d at 64.

---

[2] Simmons repeatedly cites *Xiao Yang Chen* to argue that her cases would not form a convenient trial unit. But *Xiao Yang Chen* is wholly inapposite. In that case, the Court of Appeals held that the plaintiff need not have brought a personal injury tort claim for assault at the same time as her divorce action, even though the latter was based in part on the alleged assault. *Xiao Yang Chen*, 6 N.Y.3d at 101. It cited factors such as the "different types of relief" sought in each action (damages versus a judgment of divorce), *id.*, that a jury is typically involved in personal injury actions, but not divorce cases, *id.*, and a number of "policy considerations" unique to "matrimonial action[s]," *id.* None of those factors is present here, where both of Simmons's actions seek damages for unpaid wages, the Small Claims Court is capable of deciding both wage actions, and there are no matrimonial policy considerations at stake.

For these reasons, we hold that New York's transactional approach to claim preclusion bars Simmons's federal action.

## B. Claim Preclusion and Federal and State Labor Law

Simmons's final attempt to avoid the preclusive effect of the small claims court's judgment is to argue that it does not matter where the transactional approach leads because, as a matter of law, claim preclusion may not be asserted as a defense to an FLSA or NYLL action. We declined to address this argument in our opinion certifying the Section 1808 question to the Court of Appeals, reasoning that "we [would not] need [to] . . . address that issue if the New York Court of Appeals determine[d] that Section 1808" renders limited the preclusive effect of a small claims court judgment. *Simmons I*, 955 F.3d at 331 n.2. In light of the Court of Appeals' decision in *Simmons II*, we are now confronted squarely with that question and hold that neither the FLSA nor the NYLL forecloses the assertion of claim preclusion as a defense to such an action.

There can be no doubt that the FLSA's remedial scheme is extremely solicitous toward the rights of workers. We have, for instance, held that "parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice" absent "approval of the district court or the Department of Labor."

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). We must, however, be mindful that "[a]ppeals to [the] broad remedial goals" of a statute "are not a substitute for the actual text of the statute when it is clear." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 412 (2d Cir. 2019). Indeed, the Supreme Court has recently cautioned "that the FLSA [does not] pursue[] its remedial purpose at all costs." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018) (citation and quotation marks omitted).

Nothing in the text of the statute indicates, or even suggests, that claim preclusion is unavailable as a defense to an FLSA action. We therefore reject the contention that the FLSA carries a blanket prohibition of such an affirmative defense. In doing so, we join a number of our sister Circuits that have reached similar conclusions when considering the effect of claim preclusion on wage-and-hour actions. *See, e.g.*, *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106, 1108 (9th Cir. 2018) (applying the typical "California law" of claim preclusion to reject the argument "that [an] FLSA action is excepted from the ordinary operation of res judicata"); *see also Etherton v. Serv. First Logistics, Inc.*, 807 F. App'x 469 (6th Cir. 2020) (applying claim preclusion to an FLSA claim); *Sullivan v. DaVita Healthcare*

13

*Partners, Inc.*, 780 F. App'x 612, 615–17 (10th Cir. 2019) (same); *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264–66 (5th Cir. 2018) (same).

Simmons does not attempt to argue that the statutory text of the FLSA bars the affirmative defense of claim preclusion, and the cases cited in her brief provide no support for that proposition. Instead, the cases she relies on involve situations in which courts have restricted employees from "waiv[ing]" certain rights under the FLSA and from "privately settl[ing]" certain FLSA disputes. *See Cheeks*, 796 F.3d at 203; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945) (discussing "waive[r] or release[]" of such rights). Claim preclusion implicates neither of those aspects of the FLSA, and we see no reason to graft atextual restrictions onto familiar legal doctrines merely because the case involves a wage-and-hour claim. *See Mei Xing Yu*, 944 F.3d at 410–12; *see also Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123–24 (2d Cir. 2017) (holding that an FLSA defendant may compel arbitration under the same rules as any other defendant). We instead rely on the FLSA's text, the decisions of at least four other Circuits applying claim preclusion to FLSA claims, and the implications of this Circuit's own recent precedent to conclude that, as with Section 1808, the FLSA is no bar to applying claim preclusion in this case.

14

With respect to the NYLL, Simmons only weakly argues that it bars the imposition of claim preclusion, and each of the authorities she cites pertains to the FLSA, not the NYLL. But even if Simmons's tepid invocation of this argument is sufficient to preserve it, *see Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998), Appellate Division cases have applied claim preclusion to NYLL claims. *See Silvar v. Comm'r of Lab. of State*, 109 N.Y.S.3d 1, 7–8 (1st Dep't 2019) (applying the doctrine of claim preclusion to bar a state agency from pursuing a successive set of claims on employees' behalf); *Gomez v. Brill Sec., Inc.*, 943 N.Y.S.2d 400, 403 (1st Dep't 2012) (applying ordinary claim-preclusion rules to find that the second action was not precluded). District courts within this Circuit have done the same. *See Thompson v. Glob. Contact Servs., LLC*, No. 20-cv-651, 2021 WL 3425378, at *7–12 (E.D.N.Y. Aug. 4, 2021) (applying the New York law of claim preclusion to dismiss employees' NYLL claims); *Lobban v. Cromwell Towers Apartments, L.P.*, 345 F. Supp. 3d 334, 345 n.4 (S.D.N.Y. 2018) (explaining that even if the court had not deemed plaintiff's NYLL claim abandoned, it would have dismissed it as precluded). Although we are not bound to follow lower state court decisions interpreting New York law, we find these decisions to be the "best indicators" as to how the New York Court of Appeals would decide the issue, and therefore

follow that guidance here. *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 850 (2d Cir. 1992).

In sum, neither the FLSA nor the NYLL prevents the imposition of claim preclusion here.

## IV. CONCLUSION

"The general rule" of claim preclusion is foundational to our legal system "because without it, an end could never be put to litigation." *San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 336–37 (2005) (citation omitted). The Supreme Court has thus warned against treating claim preclusion as "a mere matter of practice or procedure inherited from a more technical time than ours." *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917). Rather, "[i]t is a rule of fundamental and substantial justice, . . . which should be cordially regarded and enforced by the courts[.]" *Id.* (citation and quotation marks omitted). The New York Court of Appeals recognized as much when it held that the ordinary rules of claim preclusion apply even to small claims court judgments, and we see nothing in the language of the FLSA or the NYLL to suggest that Simmons's claims here are otherwise exempt from those rules. Accordingly, we **AFFIRM** the district court's dismissal of this action.

16