23-239-cv
Bruzzese v. Dettelbach

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-three.

PRESENT:   RAYMOND J. LOHIER, JR.,
                      BETH ROBINSON,
                      ALISON J. NATHAN,
                           *Circuit Judges*.

------------------------------------------------------------------
ADAM BRUZZESE,

                      *Plaintiff-Appellant*,

                      v.                                                        No. 23-239-cv

STEVEN DETTELBACH, Director of the Bureau of
Alcohol, Tobacco, Firearms and Explosives,

                      *Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     ADAM BRUZZESE, *pro se*,
                             Farmingdale, NY

FOR DEFENDANT-APPELLEE:      VARUNI NELSON (David A.
                             Cooper, *on the brief*), Assistant
                             United States Attorneys, *for*
                             Breon Peace, United States
                             Attorney for the Eastern
                             District of New York,
                             Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Adam Bruzzese, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*) dismissing his action against the director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).   Bruzzese sought a writ of mandamus under 28 U.S.C. § 1361 directing the ATF to reinstate him as a Special Agent.   The District Court dismissed Bruzzese's petition after determining that it was barred by res judicata and collateral estoppel because Bruzzese had previously unsuccessfully challenged the same reassignment decision under the Rehabilitation Act of 1973.

2

*See Bruzzese v. Lynch*, 191 F. Supp. 3d 237, 240 (E.D.N.Y. 2016), *aff'd sub nom.*

*Bruzzese v. Sessions*, 725 F. App'x 68 (2d Cir. 2018) (summary order).   We assume

the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to

affirm.

We review a district court's application of the doctrine of res judicata and

dismissal of a complaint without deferring to the district court's decision.

*Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021).   "*Res judicata* bars

re-litigation if (1) the previous action involved an adjudication on the merits; (2)

the previous action involved the plaintiffs or those in privity with them; (3) the

claims asserted in the subsequent action were, or could have been, raised in the

prior action."   *Soules v. Connecticut*, 882 F.3d 52, 55 (2d Cir. 2018) (quotation

marks omitted).   The last requirement is met where claims "arise from the same

transaction, or involve a common nucleus of operative facts."   *Cayuga Nation v.*

*Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quotation marks omitted).

Bruzzese does not contest the District Court's determination that the

parties in this action are identical to or in privity with the parties in the earlier

case, but he argues that his prior action did not result in an adjudication on the

3

merits and that the claim he now asserts could not have been raised in the prior action.

We disagree. The prior action resulted in a grant of summary judgment to the defendants. *Bruzzese*, 191 F. Supp. 3d at 249. That is a final decision on the merits. *Mitchell v. Nat'l Broad. Co.*, 553 F.2d 265, 271 (2d Cir. 1977). Although Bruzzese suggests that the District Court's subsequent denial of his motion for reconsideration under Federal Rule of Civil Procedure 60(b) was merely a "[p]rocedural dismissal[]," Appellant's Br. 27; *see Bruzzese v. Garland*, No. 13-cv-5733, 2021 WL 1964547, at *2 (E.D.N.Y. May 17, 2021), *aff'd*, No. 21-1448, 2022 WL 1669191 (2d Cir. May 26, 2022) (summary order), the denial of that motion does not change the fact that Bruzzese litigated a claim that resulted in a final judgment when the District Court granted summary judgment against him.

Bruzzese argues that he could not have sought a petition for a writ of mandamus in that action because a district court may not grant a writ of mandamus when another remedy is available. Even assuming Bruzzese is correct, the writ of mandamus will issue only if the petitioner has "a clear and indisputable right to its issuance." *Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (quotation marks omitted). Bruzzese cannot

4

show that he has a clear and indisputable right to the writ because his claims, which could have been raised in the prior action, are foreclosed by res judicata. The alleged constitutional violation at issue here "[arose] from the same transaction" – Bruzzese's reassignment – giving rise to the claims Bruzzese previously brought. *Cayuga Nation*, 6 F.4th at 375. In short, because Bruzzese could have pursued his distinct due process claims at the same time as he sued under the Rehabilitation Act, he cannot raise those claims now in a new action, whether through an ordinary complaint or a motion for a writ of mandamus.

Bruzzese also suggests that we must vacate the District Court's ruling because the final judgment in his earlier case was based on conclusions that ATF reached without affording him constitutionally adequate process and because the District Court itself did not allow Bruzzese adequate opportunity to be heard when considering his Rule 60(b) motion. But Bruzzese had ample opportunity to litigate the merits of the District Court's rulings on appeal. Accordingly, we agree with the District Court's decision insofar as it concluded that Bruzzese's claim here is barred by the doctrine of res judicata. This conclusion is dispositive, and we need not consider the District Court's alternative analysis of collateral estoppel.

5

Because the doctrine of res judicata dictates the outcome here, we express no opinion on the merits of Bruzzese's claim that the process by which he was reassigned violated his procedural due process.

We have considered Bruzzese's remaining arguments and conclude that they are without merit.[1]   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Before the District Court, Bruzzese stated that, following the conclusion of the prior action, he again sought reversal of his reassignment by sending a memorandum to his supervisors at ATF.   But res judicata still applies to our review of Bruzzese's claims despite his post-litigation attempt to be reinstated.   *See Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 112–14 (2d Cir. 2000).