Fuschi v JPMorgan Chase Bank, N.A. (2024 NY Slip Op 00024)

Fuschi v JPMorgan Chase Bank, N.A.

2024 NY Slip Op 00024

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 802907/22 Appeal No. 1346 Case No. 2022-03586 

[*1]Olegna Fuschi, Plaintiff-Appellant,
v
JPMorgan Chase Bank, N.A., et al., Defendants-Respondents, Highpoint on Hudson Owners, Inc., et al., Defendants.

Binakis Law, P.C., Astoria (Patrick Binakis of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Morgan R. McCord of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about August 17, 2022, which, insofar as appealed from, granted the motion of defendants JP Morgan Chase Bank, N.A. (Chase) and The Bank of New York Mellon Trust Company, N.A. as Trustee for Chase Flex Trust Series 2007-2 (the Trust, and together with Chase, defendants) to dismiss the complaint as against them, unanimously affirmed, with costs.
Supreme Court correctly dismissed the complaint on res judicata (claim preclusion) grounds (see Simmons v Trans Express, 37 NY3d 107, 111 [2021]; O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). This action, like the prior adversary proceedings brought by plaintiff in Federal Bankruptcy Court, challenges the validity of defendants' security interest in shares of stock in a cooperative apartment and a proprietary lease, as well as the enforceability of the mortgage loan or loan security agreement. Even assuming that plaintiff now seeks somewhat different relief than that sought in the bankruptcy action, plaintiff's current claim arises out of the same series of transactions as the ones underlying her adversary proceedings and could have been raised in her third and fourth bankruptcy proceedings (see Chapman v Faustin, 150 AD3d 647, 647 [1st Dept 2017]).
Furthermore, because a dismissal with prejudice is a determination on the merits for res judicata purposes, the Federal Bankruptcy Court's dismissal of the prior bankruptcy proceeding with prejudice precludes this action (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380 [1999]). Despite plaintiff's position otherwise, res judicata principles apply "with full force to matters decided by the bankruptcy courts" (Insurance Co. of State of Pa. v HSBC Bank USA, 10 NY3d 32, 38 [2008] [internal quotation marks omitted]).
Plaintiff's contentions that the Bankruptcy Court lacked jurisdiction to enter a final decision on the merits and that the claims raised in the adversary proceedings were not determined to be core proceedings are not purely legal arguments that are clear from the record, are raised for the first time on appeal and are therefore unpreserved for our review (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 146 AD3d 603, 603 [1st Dept 2017]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024