23-458-cv
*Kamdem-Ouaffo v. Balchem Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

―――――――――――――――――――――――――――――

RICKY KAMDEM-OUAFFO,

> *Plaintiff-Appellant*,

> v.                                                                23-458-cv

BALCHEM CORPORATION, GIDEON OENGA, BOB MINIGER, RENEE McCOMB, THEODORE HARRIS, JOHN KUEHNER, TRAVIS LARSEN, MICHAEL SESTRICK, JOHN/JANE DOES,

> *Defendants-Appellees*.

―――――――――――――――――――――――――――――

FOR PLAINTIFF-APPELLANT:          Ricky Kamdem-Ouaffo, *pro se*, New Brunswick, New Jersey.

FOR DEFENDANTS-APPELLEES:          Mary A. Smith, Jackson Lewis P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on February 28, 2023, is **AFFIRMED**.

This is the second of two appeals arising out of a dispute between Plaintiff-Appellant Ricky Kamdem-Ouaffo and Defendants-Appellees the Balchem Corporation and affiliated individuals (collectively, "Balchem"). [1]   This appeal arises out of a case filed in 2019 while Kamdem-Ouaffo's first lawsuit, filed in 2017, was still pending.   After the first lawsuit had been resolved on the merits—and we dismissed Kamdem-Ouaffo's appeal as frivolous, *see* 2d Cir. 21-653, doc. 157—the district court dismissed the instant case as either duplicative of the first or barred by claim preclusion and denied Kamdem-Ouaffo's post-judgment motions for recusal and reconsideration under Rule 59(e) as without merit.   This appeal followed.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review the dismissal of a complaint and the application of claim preclusion *de novo*," *Simmons v. Trans Express, Inc.*, 16 F.4th 357, 360 (2d Cir. 2021), and in doing so we may affirm on any ground supported by the record, *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).   The doctrine of claim preclusion, or *res judicata*, bars a later lawsuit "if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action."   *Hecht v.*

---

[1]   The other appeal is *Kamdem-Ouaffo v. Balchem Corp.*, No. 23-455 (2d Cir.).

*United Collection Bureau, Inc.*, 691 F.3d 218, 221–22 (2d Cir. 2012). It applies to claims that either were or could have been raised in the prior action. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010).

This lawsuit was properly dismissed as precluded by the first. The 2017 action ended in a final judgment on the merits, the same parties were involved, the claims raised in this action were or could have been raised in that lawsuit, and the district court had jurisdiction over both this and the prior suit. *See Milltex Indus. Corp. v. Jacquard Lace Co.*, 922 F.2d 164, 166–68 (2d Cir. 1991) (observing that *res judicata* operates even if two lawsuits are initially pending at the same time). The entry of judgment in the first action therefore had preclusive effect on this one.

Kamdem-Ouaffo argues that claim preclusion does not apply because the judgment in the 2017 action is void. However, he provides no basis for that assertion; to the contrary, we dismissed his appeal from that judgment as frivolous. *See* 2d Cir. 21-653, doc. 157. Kamdem-Ouaffo has abandoned any other challenge to the order—including his argument below that his failure-to-rehire claim could not have been raised in the 2017 action because it was unexhausted at the time—by not raising it in his opening brief on appeal. *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (finding that a *pro se* litigant "waived any challenge" to the district court's adverse ruling mentioned only "obliquely and in passing" in his opening brief).

Finally, the district court did not abuse its discretion by denying Kamdem-Ouaffo's post-judgment motions for reconsideration and recusal. *See Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (per curiam) (review of denial of reconsideration under Rule 59(e) governed by abuse-of-discretion standard); *LoCascio v. United States*, 473 F.3d 493,

3

495 (2d Cir. 2007) (per curiam) (review of denial of recusal governed by abuse-of-discretion standard). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GmbH v. Chipotle Mex. Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (alteration adopted) (internal quotation marks and citations omitted). Kamdem-Ouaffo's motions did not identify any intervening change of controlling law, new evidence, need to correct clear error or prevent manifest injustice, or any factual or legal basis for recusal of the magistrate judge or district court judge. Therefore, the district court acted well within its discretion in denying these motions.

\*                    \*                    \*

We have considered Kamdem-Ouaffo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court