*Stensrud v. Rochester Genesee Reg'l Transp. Auth.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT:

>  DENNIS JACOBS,
>  ROBERT D. SACK,
>  RICHARD J. SULLIVAN,
>    *Circuit Judges.*

———————————————————————————

JOHN R. STENSRUD, MARIA B. STENSRUD,

>  *Plaintiffs-Appellants,*

>  v.                                                         No. 23-765

ROCHESTER GENESEE REGIONAL
TRANSPORTATION AUTHORITY,

>  *Defendant-Appellee.*

———————————————————————————

**For Plaintiffs-Appellants:**            JOHN T. REFERMAT, Refermat & Daniel PLLC, Rochester, NY.

**For Defendant-Appellee:**            TIMOTHY N. MCMAHON (Suzanne M. Messer, *on the brief*), Bond, Schoeneck & King, PLLC, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 17, 2023 judgment of the district court is **AFFIRMED**.

John and Maria Stensrud appeal from the district court's grant of summary judgment in favor of Rochester Genesee Regional Transportation Authority ("RGRTA") on their claims brought under 42 U.S.C. § 1983 and New York law alleging that RGRTA took their property without just compensation, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the constitution and laws of New York. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to resolve this case.

In August 2015, RGRTA used its eminent-domain authority to take a multifamily residential property (the "Property") from the Stensruds to make way

for a planned expansion of RGRTA's office campus in Rochester, New York. After this taking, the Stensruds brought a claim in state court seeking damages in the amount of $1,386,257 in addition to other "consequential damages." J. App'x at 996. While the Stensruds' state-court claim was pending, the Supreme Court decided *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 182 (2019), which overruled its prior holding in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), that "a property owner whose property has been taken by a local government has not suffered a violation of his Fifth Amendment rights – and thus cannot bring a federal takings claim in federal court – until a state court has denied his claim for just compensation under state law." *Knick*, 588 U.S. at 184 (describing holding in *Williamson County*). With *Williamson County* no longer a bar, the Stensruds brought this action in federal court, asserting claims similar to the ones they had brought in state court. The Stensruds did not discontinue the state-court action, purportedly because they were unable to do so unilaterally and because RGRTA would not agree to a "mutual discontinuance." Stensrud Br. at 16.

While the federal case was pending, the state court held a bench trial and entered judgment awarding the Stensruds $509,000 plus accrued interest of nine

3

percent for the taking of the Property. In light of the state court's judgment, the district court granted summary judgment to RGRTA on the ground that all of the Stensruds' claims in their federal action were barred by *res judicata*. This appeal followed.

We review *de novo* a district court's grant of summary judgment, including its "application of the principles of *res judicata*." *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005). "Federal courts are required to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 398 (2d Cir. 2022) (alterations and internal quotation marks omitted); *see* 28 U.S.C. § 1738 (Full Faith and Credit Act). This requirement applies equally in takings actions brought under section 1983 like the Stensruds'. *See San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 343–44, 347–48 (2005); *Allen v. McCurry*, 449 U.S. 90, 96–105 (1980). Accordingly, we apply New York law to determine the preclusive effect of the state-court judgment in the Stensruds' prior action.

Under New York law, *res judicata* (also known as claim preclusion) "bars successive litigation based upon the same transaction or series of connected

4

transactions" if (1) "there is a judgment on the merits rendered by a court of competent jurisdiction," and (2) "the party against whom the doctrine is invoked was a party to the previous action." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008) (internal quotation marks omitted). "New York employs a transactional approach to claim preclusion, under which the claim preclusion rule extends beyond attempts to relitigate identical claims to *all other claims arising out of the same transaction or series of transactions*." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) (alterations and internal quotation marks omitted). Under this approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Josey v. Goord*, 9 N.Y.3d 386, 389–90 (2007) (internal quotation marks omitted). Applying these principles, the district court concluded that the Stensruds' federal-court claims were barred by *res judicata*, since there was "no dispute that the claims asserted in the [federal] action ar[o]se out of the same transaction or series of transactions as the claim resolved by the state trial court's decision and judgment – namely, the taking of the Property by RGRTA in August of 2015." Sp. App'x at 7.

5

On appeal, the Stensruds argue that the district court erred for two principal reasons. First, they contend that *res judicata* does not apply because the state court "did not have the power to award the full measure of relief sought in the later litigation" due to a New York regulation that apparently precluded use of the Stensruds' preferred real-estate-valuation methodology. Stensrud Br. at 22 (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see id.* at 14, 23. Second, the Stensruds argue that *res judicata* does not – or should not – apply because, after the Supreme Court's holding in *Knick v. Township of Scott*, they were not required to bring their claim in state court at all. We are not persuaded by either argument.

For starters, *Burgos* is inapposite. In that case, we held that a previously litigated state habeas action did not bar a subsequent damages action under section 1983, since "a New York State court determining a petition for habeas relief does not have the authority to award damages." *Burgos*, 14 F.3d at 791. Here, by contrast, the New York court clearly had authority to award damages to the Stensruds on their takings claim – and it did. To the extent the Stensruds think the state court's damages award was erroneous, their remedy lies in direct appeal to a higher state court and, eventually, petition for review to the United States

Supreme Court. Nothing in *Burgos* gives state-court litigants who are dissatisfied with their damages awards the right to a do-over in federal district court.

The Stensruds' second argument, that the Supreme Court's decision in *Knick* allows their federal-court action to proceed, is equally unavailing. In *Knick*, the Supreme Court overruled the state-court exhaustion requirement that *Williamson County* had effectively established, holding instead that a property owner asserting a Takings Clause claim need not seek just compensation in state court before bringing his claim in federal court. *Knick*, 588 U.S. at 185. But as we have previously explained, when a plaintiff *has* in fact brought his claims in state court and litigated those claims to a judgment, the district court is "required by federal law to apply collateral estoppel" – and *res judicata* – "to issues decided in those proceedings," notwithstanding *Knick*. *Morabito v. New York*, 803 F. App'x 463, 468 (2d Cir. 2020); *see San Remo Hotel*, 545 U.S. at 336; 28 U.S.C. § 1738. We are not alone in reaching this conclusion. *See Tejas Motel, L.L.C. v. City of Mesquite ex rel. Bd. of Adjustment*, 63 F.4th 323, 334 (5th Cir. 2023) ("[N]othing in *Knick* nullifies long-settled principles of *res judicata*."); *Ocean Palm Golf Club P'ship v. City of Flagler Beach*, 861 F. App'x 368, 371 (11th Cir. 2021) ("The *Knick* Court did not overrule or

otherwise modify its precedent in *San Remo*."). The Stensruds' attempts to distinguish these cases are unpersuasive.

"One can sympathize with [the Stensruds'] procedural plight," *Tejas Motel, L.L.C.*, 63 F.4th at 335, but once the state court's judgment issued, their claims in this case were barred by *res judicata* as defined under New York law. *See San Remo Hotel*, 545 U.S. at 336. The district court therefore did not err in granting summary judgment to the defendants.

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8