(March 12, 1976)

■ In the Matter of JOHN GAMMARANO, Appellant, v EUGENE GOLD, as District Attorney of Kings County, Respondent.—Appeal by petitioner from an order of the Supreme Court, Kings County, dated December 29, 1975, which, *inter alia,* (1) failed to grant his application to direct the District Attorney to inquire of city, State and Federal officials as to whether he was the subject of electronic surveillance and (2) denied his motion to quash a certain subpoena. Appeal from so much of the order as failed to grant petitioner's application to direct the District Attorney to inquire of city, State and Federal officials whether he was the subject of electronic surveillance dismissed, without costs or disbursements (see *Matter of Santangello v People,* 38 NY2d 356). Order otherwise affirmed, without costs or disbursements. Petitioner's motion to quash the subpoena was made after he commenced testifying before the Grand Jury. A motion to quash a subpoena shall be promptly made (see CPLR 2304; cf. *Matter of Santangello v People, supra).* Petitioner's application was untimely. Moreover, his argument that he may not be compelled to testify before the Grand Jury because he believes that he is a "target" of the investigation is factually impossible; he

cannot be a "target" of the investigation since he was granted automatic transactional immunity for his testimony (see CPL 190.40). The numerous cases cited by petitioner to support his contention are inapposite; they involved interpretation of section 2447 of the former Penal Law, which did not provide for automatic immunity, and which was superseded by CPL 190.40. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.