OPINION OF THE COURT
Chief Judge Cooke.
Here, the entitlement of the Special Prosecutor in charge of the nursing home and hospital investigations to retain copies he made of certain records subpoenaed from petitioner is in dispute. County Court granted petitioner’s request for return of the original documents, but refused to direct the Special Prosecutor to surrender copies made from the originals. The Appellate Division modified, in effect ruling that the Special Prosecutor was required to apply for court approval prior to impounding subpoenaed material.
 There should be a reversal. A prosecutor who obtains evidence by a subpoena duces tecum issued on behalf of a Grand Jury has a right to possess and retain the subpoenaed material without first obtaining a court order (Matter of Hynes v Moskowitz, 44 NY2d 383, 392-393; CPU 610.25). It is the burden of the subpoenaed party to raise a challenge as to the extent of possession to which the issuer is entitled. Prior to such an application, the issuer may lawfully exercise dominion and control over the subpoenaed evidence. Thus, petitioner’s request for return of the copies should have been denied. In addition, petitioner’s motion to quash two subpoenas on the ground that the Special Prosecutor lacked power to enforce them cannot now be entertained, as a motion to quash must be made before compliance with the subpoena (see Matter of Hynes v Moskowitz, supra, at p 394; Matter of Gammarano v Gold, 51 AD2d 1012).
*337 Beginning in November of 1977, the Special Prosecutor undertook an investigation of the business affairs of petitioner Brunswick Hospital, its employees and suppliers. A Grand Jury was impaneled in September, 1978 to look into possible kickback schemes in hospitals and other facilities in Suffolk County. On behalf of the Grand Jury, on September 28, 1978, the Special Prosecutor served a subpoena duces tecum upon petitioner. After challenges to the validity of the process, petitioner purportedly surrendered the requested records in January, 1979. As it turned out, however, some of the subpoenaed material was not delivered to the prosecutor. Petitioner contended that the material was unavailable, as it had allegedly been voluntarily surrendered to the prosecutor at an earlier date and so mishandled or misfiled by him as to be unbeatable.
A second Grand Jury subpoena for additional records was issued on March 7, 1979 and made returnable on March 30. Again, petitioner claimed the records were unavailable due to the actions of the prosecutor. County Court ordered petitioner to comply with the subpoena by June 15, 1979, but scheduled a hearing for June 13 on the unavailability contention. The hearing was subsequently adjourned, at the petitioner’s request, until June 20; on June 20, the matter was adjourned, on consent of the parties, until June 27. On that date, petitioner delivered a number of documents to the Special Prosecutor, which he accepted as substantial and satisfactory compliance with the subpoenas.
Meanwhile, after a number of extensions, the term of the September 1978 Grand Jury expired on June 22, 1979. Petitioner alleges that it was unaware that the Grand Jury’s term had terminated and that the prosecutor did not specifically notify it of this fact. On July 23, petitioner commenced this proceeding seeking to quash the subpoenas, to obtain possession of the surrendered original documents and all copies thereof, and to suppress all information obtained by respondent. The Special Prosecutor did not object to the return of the original documents and on this appeal seeks to retain only the copies. The initial question is whether the prosecutor may exercise dominion and control over material subpoenaed for a Grand Jury without prior court approval.
*338 Under CPL 610.25,[1] a prosecutor who issues a subpoena duces tecum on behalf of a Grand Jury now has the right to possess and retain the subpoenaed evidence for the Grand Jury. This provision was enacted in response to decisions of this court holding that, absent statutory authority, document sought by the Special Prosecutor by Grand Jury or office subpoena duces tecum could not be retained in his custody (Matter of Heisler v Hynes, 42 NY2d 250; Matter of Windsor Park Nursing Home v Hynes, 42 NY2d 243). Recently, this court had occasion to interpret the new legislation and unequivocally indicated that no prior court order is required to trigger the issuer’s right to possess and retain the subpoenaed material (Matter of Hynes v Moskowitz, 44 NY2d 383, 391-393, supra). Rather, it is incumbent upon the subpoenaed party to raise a challenge to the issuer’s possession, at which time the court can delimit the period and extent of the prosecutor’s or Grand Jury’s custody (id.; CPL 610.25, subd 2). In the absence of such a challenge, the prosecutor may lawfully exercise dominion and control over the evidence. Having obtained legal custody and control of the material, the Special Prosecutor was entitled to make copies and use them for any proper purpose. Thus, the Appellate Division’s conclusion that the *339 burden is upon the Special Prosecutor to move to impound the evidence was erroneous.
Petitioner contends that, irrespective of the right to possess the evidence, the Special Prosecutor lacked jurisdiction to enforce the subpoena in the first instance, since the September 1978 Grand Jury was already disbanded when the materials were surrendered.[2] Thus, petitioner asks that the subpoena be quashed. Whatever the merits of this position, the motion. to quash cannot now be entertained.
A motion to quash or vacate, of course, is the proper and exclusive vehicle to challenge the validity of a subpoena or the jurisdiction of the issuing authority (e.g., Matter of Santangello v People, 38 NY2d 536, 539; see Carlisle v Bennett, 268 NY 212, 218). Such a motion must be made promptly, generally before the return date of the subpoena (id.; see CPLR 2304; see, also, Fed Rules Civ Pro, rule 45, subd [b]). Once there has been compliance with the subpoena, however, a motion to quash or vacate no longer is available (see Matter of Hynes v Moskowitz, 44 NY2d 383, 394, supra; Matter of Gammarano v Gold, 51 AD2d 1012, supra). Quite simply, having complied with the process, the subpoenaed party no longer possesses the option of challenging its validity or the jurisdiction of its issuer. Any other rule would open the door to never-ending challenges to the validity of subpoenas, perhaps even years after initial issuance and compliance. At some point, litigation must terminate.
That petitioner claims it had no knowledge of the alleged defect until after it complied is not material. Procedural rules do not cease operation in every case where an individual litigant lacks sufficient knowledge to assert his rights (cf. Thornton v Roosevelt Hosp., 47 NY2d 780, 781). Indeed, no judgment would be insulated from attack were the rule otherwise. In any event, the expiration of the term *340 of the Grand Jury was a matter of public record and was not concealed by the Special Prosecutor. Thus, petitioner’s allegation of lack of jurisdiction cannot be considered.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Suffolk County Court reinstated.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. Under CPL 610.25 provides: “1. Where a subpoena duces tecum is issued on reasonable notice to the person subpoenaed, the court or grand jury shall have the right to possession of the subpoenaed evidence. Such evidence may be retained by the court, grand jury or district attorney on behalf of the grand jury.
“2. The possession shall be for a period of time, and on terms and conditions, as may reasonably be required for the action or proceeding. The reasonableness of such possession, time, terms, and conditions shall be determined with consideration for, among other things, (a) the good cause shown by the party issuing the subpoena or in whose behalf the subpoena is issued, (b) the rights and legitimate needs of the person subpoenaed and (c) the feasibility and appropriateness of making copies of the evidence. The cost of reproduction and transportation incident thereto shall be borne by the person or party issuing the subpoena unless the court determines otherwise in the interest of justice. Nothing in this article shall be deemed to prohibit the designation of a return date for a subpoena duces tecum prior to trial. Where physical evidence specified to be produced will be sought to be retained in custody, notice of such fact shall be given the subpoenaed party. In any case where the court receives or retains evidence prior to trial, it may, as may otherwise be authorized by law, grant the issuing party a reasonable opportunity to inspect such evidence.”

. It should he noted that CPL 610.20, which authorizes the issuance of a Grand Jury subpoena, nowhere requires that the subpoena be for a particular Grand Jury. Thus, it might well be that the validity of a subpoena does not depend upon the existence of a particular Grand Jury at any specific time (cf. United States v Kleen Laundry & Cleaners, 381 F Supp 519,- 522-523).