Matter of Orochena (2024 NY Slip Op 04607)

Matter of Orochena

2024 NY Slip Op 04607

Decided on September 26, 2024

Appellate Division, First Department

P E R C U R I A M 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Ellen Gesmer
Justice Presiding
Saliann Scarpulla Julio Rodriguez III LlinÉt M. Rosado Marsha D. Michael
Justices.

Motion No. 2024-03288 Case No. 2024-04172 

[*1]In the Matter of Jose X. Orochena, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jose X. Orochena (Admitted as Jose Xavier Orochena) (OCA Atty. Reg. No. 5312855), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jose X. Orochena, was admitted, as Jose Xavier Orochena, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 9, 2015.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jun H. Lee, Esq., of counsel), for petitioner.
Respondent, pro se.

P E R C U R I A M 

Respondent Jose X. Orochena was admitted to the practice of law in the State of New York by the First Judicial Department on February 9, 2015, under the name Jose Xavier Orochena. Respondent maintains a registered business address in the First Judicial Department.
By motion dated July 8, 2024, the Attorney Grievance Committee (the AGC or Committee) seeks an order under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) immediately suspending respondent from the practice of law until further order of this Court, based on respondent's failure to produce two client files as repeatedly requested by the AGC and directed by judicial subpoena. Respondent opposes. The motion should be granted.
During the Committee's investigation into two complaints filed by respondent's former clients, respondent refused to produce the relevant client files upon request. Following respondent's refusal in response to multiple Committee requests, respondent was served on March 21, 2024, with a judicial subpoena directing him to appear before the Committee on April 17, 2024, for a deposition and to produce the relevant client files. Respondent, pro se, appeared for the deposition as directed and claimed to have both client files with him. However, respondent refused to produce the files unless authorizations for their release were procured from the clients. Respondent was instructed to return for further testimony and to produce the clients' files.
By April 19, 2024 letter, the AGC directed respondent to appear on April 29, 2024, for his continued deposition at which he was to produce the relevant client files as directed by judicial subpoena. Further, respondent was warned that if he failed to produce the files the Committee would move for his interim suspension under 22 NYCRR 1240.9(a)(3). By email that same date, respondent refused to comply and maintained that the files were privileged.
Respondent appeared on April 29, 2024, for his continued deposition, but he again refused to produce the subpoenaed files. To date, respondent has not produced the files.
In the present motion, the AGC argues that respondent's interim suspension is warranted because he has willfully failed to cooperate with its investigation. Specifically, respondent has failed to produce client files related to the two complaints against him notwithstanding his receipt of numerous letters, emails, and a judicial [*2]subpoena ordering such production. The AGC thus contends that respondent has engaged in conduct that threatens the public interest, warranting an interim suspension.
Respondent opposes the motion, arguing that the client files sought by the AGC are privileged under CPLR 4503, which privilege is not his to waive; that the complaints at issue are without merit and the allegations against him do not concern "conduct that threatens the public interest"; and that he has complied with the Committee's lawful requests for information.[FN1] Although respondent has not moved on notice for any relief, his opposition indicates a request for, among other things, dismissal of the complaints.
In reply, the AGC maintains that Rules of Professional Conduct (22 NYCRR 1200.0) 1.6(b)(5)(i) and 1.6(b)(6) (allowing disclosure of confidential information "when permitted or required under these Rules or to comply with other law or court order") make clear that respondent cannot insist upon the complainants executing waivers of the attorney-client privilege as a condition for his producing their files. Further, the AGC relies on respondent's noncompliance with repeated official requests and a judicial subpoena, as opposed to the underlying allegations in the complaints, to support its contention that respondent's conduct threatens the public interest, thereby warranting his interim suspension.
As an initial matter, respondent's requests for affirmative relief are not properly before the Court.
As to the AGC's motion, 22 NYCRR 1240.9(a) provides for an interim suspension:
"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: . . . (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation . . . under these Rules . . . ."
The AGC has met its burden, and respondent should be immediately suspended until further order of this Court. The record shows that the Committee repeatedly requested the two client files at issue, which requests were lawful under 22 NYCRR 1240.7(b)(1), and respondent was further directed to produce them by judicial subpoena. To the extent respondent had a good faith basis to question the subpoena's legal propriety (but see 22 NYCRR 1240.7[b][3] ["Subpoenas shall be issued by the Clerk in the name of the Presiding Justice and may be made returnable at a time and place specified therein"]), he should have moved to quash the subpoena (see Matter of Brunswick Hosp. Ctr. v Hynes, 52 NY2d 333, 339 [1981] ["A motion to quash or vacate, of course, is the proper and exclusive vehicle to challenge the validity of a subpoena or the jurisdiction of the issuing authority"], citing Matter of Santangello v People, 38 NY2d 536, 539 [1976]; Ayubo v Eastman Kodak Co., Inc., 158 AD2d 641, 641 [2d Dept 1990]). Flatly refusing to comply, however, was improper, as is alleging the subpoena was invalid at this late juncture (see Brunswick[*3], 52 NY2d at 339 [motion to quash "must be made promptly, generally before the return date of the subpoena"]).
In addition, rules 1.6(b)(5)(i) and 1.6(b)(6) provide for disclosure of confidential information contained in the files at issue, and failure to comply with judicial process during the investigation of attorney complaints can, as here, support an interim suspension (Matter of Hooker, — AD3d &mdash, 2024 NY Slip Op 02871 [1st Dept 2024] [interim suspension under 1240.9(a)(3) for failure to produce records concerning representation of client as directed by judicial subpoena]; Matter of Amankwaa, 221 AD3d 107 [1st Dept 2023] [interim suspension under 1240.9(a)(3) for failure to produce client files as repeatedly requested by the AGC and directed by judicial subpoena]; Matter of Espinoza, 200 AD3d 21 [1st Dept 2021] [interim suspension under 1240.9(a)(3) for failure to produce documents and information as repeatedly requested by the AGC and directed by judicial subpoena]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.9(a)(3), is granted, and respondent Jose X. Orochena, admitted as Jose Xavier Orochena, is suspended from the practice of law in that State of New York effective immediately, and until the further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, respondent Jose X. Orochena, admitted as Jose Xavier Orochena, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension and until the further order of this Court, respondent Jose X. Orochena, admitted as Jose Xavier Orochena, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Jose X. Orochena, admitted as Jose Xavier Orochena, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: September 26, 2024

Footnotes

Footnote 1: Respondent also contends that the AGC's Staff Counsel was discourteous and threatening towards him during his deposition. The record fails to support this claim.