23-1084(L)
VDARE Foundation, Inc. v. James

# United States Court of Appeals
## For the Second Circuit

August Term 2024

Argued:   September 30, 2024
Decided:   December 17, 2025

Nos. 23-1084(L), 23-7409(Con)

VDARE FOUNDATION, INC.,

*Plaintiff-Appellant*,

LETITIA JAMES, in her official capacity as Attorney General of the State of New York,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of New York
No. 22-cv-1337, Frederick J. Scullin, *Judge*.

Before:   SULLIVAN, NATHAN, *Circuit Judges*, and REYES, JR., *District Judge*.[*]

Plaintiff VDARE Foundation, Inc. ("VDARE"), a nonprofit charitable corporation organized under New York law, appeals from (1) an order of the United States District Court for the Northern District of New York (Scullin, *J.*) denying VDARE preliminary injunctive relief, and (2) a judgment dismissing VDARE's claims challenging a subpoena issued by New York Attorney General

---

[*] Judge Ramón E. Reyes, Jr., of the United States District Court for the Eastern District of New York, sitting by designation.

Letitia James. In both instances, the district court concluded that VDARE's suit, which alleged that the Attorney General's subpoena to VDARE was motivated by viewpoint discrimination and violated its First Amendment and related state constitutional rights, was precluded by a New York state court's decision ordering VDARE to comply with the subpoena. On appeal, VDARE asserts that *res judicata*, or claim preclusion, does not bar its claims raised in federal court against the Attorney General, and that preliminary injunctive relief enjoining enforcement of the subpoena is warranted. We conclude that the district court correctly determined that VDARE's claims are precluded. Accordingly, we **AFFIRM** the judgment of the district court and **DISMISS AS MOOT** the appeal of the district court's order denying VDARE's motion for a preliminary injunction.

AFFIRMED.

> JAY M. WOLMAN, Randazza Legal Group, PLLC, Hartford, CT (Marc. J. Randazza, Randazza Legal Group, PLLC, Gloucester, MA, *on the brief*).
>
> JONATHAN D. HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, NY.

RICHARD J. SULLIVAN, *Circuit Judge*:

Plaintiff VDARE Foundation, Inc. ("VDARE"), a nonprofit charitable corporation organized under New York law, appeals from (1) an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Judge*) denying VDARE preliminary injunctive relief, and (2) a judgment dismissing VDARE's claims challenging a subpoena issued by New York Attorney

2

General Letitia James.  In both instances, the district court concluded that VDARE's suit, which alleged that the Attorney General's subpoena to VDARE was motivated by viewpoint discrimination and violated its First Amendment and related state constitutional rights, was precluded by a New York state–court's decision ordering VDARE to comply with the subpoena.  On appeal, VDARE asserts that *res judicata*, or claim preclusion, does not bar its claims raised in federal court against the Attorney General, and that preliminary injunctive relief enjoining enforcement of the subpoena is warranted.  We conclude that the district court correctly determined that VDARE's claims are precluded.  Accordingly, we **AFFIRM** the judgment of the district court and **DISMISS AS MOOT** the appeal of the district court's order denying VDARE's motion for a preliminary injunction.

## I.  BACKGROUND

VDARE, a section 501(c)(3) non-profit foundation and charity organized under the laws of New York, was created "to support the efforts of VDARE.com, a non-profit web magazine" run by its founder, Peter Brimelow, and his wife, Lydia.  App'x at 10.  According to its complaint, "VDARE has published pieces that criticize" the United States government's policy on immigration "for various reasons and from a variety of angles and perspectives," and "VDARE's editorial

3

position . . . favor[s] . . . limiting immigration." *Id.* at 12. These positions have led "detractors" to describe VDARE as a "white nationalist" and "racist" organization – labels that VDARE itself rejects. *Id.* (internal quotations marks omitted). As a result of these characterizations, "people have lost employment, and contractors essential to VDARE's existence have opted to stop providing services" when their "associations with VDARE have been disclosed or become public." *Id.*

In June 2022, the Office of the Attorney General of New York ("OAG") issued a subpoena to VDARE, seeking various documents concerning VDARE's governance, financial operations, and regulatory disclosures, including documents that would identify "VDARE's current and former independent contractors" and disclose information relating to transactions with its vendors. *Id.* at 266; *see id.* at 262–70. The subpoena required VDARE to respond by July 2022.

While VDARE does not dispute as a general matter that the OAG has authority to oversee and investigate charitable organizations like itself, *see* N.Y. Not-for-Profit Corp. Law § 112(b)(6); N.Y. Est. Powers & Trusts Law § 8-1.4(i); N.Y. Exec. Law §§ 63(12), 175, the parties sharply contest the motivations behind the

subpoena. VDARE alleges that the subpoena was entirely pretextual, and that the OAG targeted it as a part of the Attorney General's efforts to "limit" VDARE's viewpoints on immigration and "speech with which she disagrees." App'x at 22.[1] OAG, by contrast, asserts that it began investigating VDARE after public reports indicated that the organization had purchased a medieval-style castle in West Virginia that the Brimelows were using as a private residence, raising conflict-of-interest concerns. According to the OAG, a review of VDARE's public filings also revealed that it had failed to file mandatory reports and made material omissions in those that were filed.

VDARE initially demanded that the OAG withdraw the subpoena, contending that the document requests required disclosures that would violate its First Amendment rights to free speech and association. In September 2022, however, VDARE began producing documents in response to the subpoena, while continuing to confer with the OAG about the subpoena's scope and production deadlines. On December 2, 2022, the OAG notified VDARE of what it perceived

---

[1] As additional support, VDARE alleges that, in the weeks before the OAG issued the subpoena to VDARE, the Attorney General's Special Counsel for Hate Crimes subpoenaed Meta, the parent company of Facebook, and Facebook Payments, seeking information about VDARE. According to VDARE, these actions were consistent with the Attorney General's desire, professed in 2020, to use a "newly-created 'Hates Crimes Unit' [to] 'focus on social media companies'" and to "increase censorship against 'hate speech and hate organizations.'" App'x at 13.

to be "significant deficiencies in [its] production response," including "ongoing" delays, "repeated failure to abide by deadlines that" VDARE itself had proposed, and the "failure to produce certain categories of documents" altogether. *Id.* at 380. In the same letter, the OAG indicated that it would "seek judicial intervention to obtain compliance if the documents and information listed here are not produced by December 12, 2022." *Id.* at 382.

Instead of producing the additional documents or otherwise responding to the OAG, VDARE filed suit in federal court on December 12, 2022 against the Attorney General in her official capacity. In its complaint, VDARE alleged that the subpoena violated its rights of free speech and association under the First Amendment and New York state constitution. VDARE also alleged that the subpoena was issued in retaliation for VDARE's engaging in constitutionally protected speech. VDARE sought compensatory and punitive damages, as well as declaratory and injunctive relief "barring the [OAG] from enforcing . . . the subpoena." *Id.* at 24–25.

Less than a week later, on December 16, 2022, the OAG commenced a special proceeding in the New York State Supreme Court pursuant to state law to compel VDARE to comply with the subpoena. *See* App'x at 109–16. VDARE, in turn,

6

filed a motion to dismiss the petition, or alternatively, to stay the state-court proceedings pending resolution of its federal suit. In its motion and accompanying papers, VDARE asserted that the subpoena's stated basis was mere pretext to retaliate against VDARE for its constitutionally protected activity. VDARE also acknowledged that its "[f]ederal [c]omplaint is based on many of the same underlying issues raised by the OAG's subsequent special proceeding in" state court. *Id.* at 232.

The New York Supreme Court subsequently denied VDARE's request to dismiss or stay the state proceedings and granted the OAG's petition to compel, rejecting VDARE's arguments that the subpoena impaired its First Amendment rights. In ordering VDARE's compliance, the state court permitted VDARE to redact its donors' and volunteers' identities and further noted the availability of a confidentiality agreement to address VDARE's remaining concerns. VDARE appealed that order to the New York Appellate Division, First Department (the "First Department") and moved for a stay of the state trial court's order pending appeal. After granting a temporary stay pending consideration of VDARE's motion, the First Department ultimately denied the motion and vacated the temporary stay in March 2023. Meanwhile, the OAG moved in the district court

7

to dismiss VDARE's federal complaint, arguing among other things that, given the state court's order compelling compliance with the subpoena, *res judicata* barred VDARE from asserting its federal claims. While that motion was pending, and given the First Department's vacatur of its temporary stay, VDARE moved in the district court to enjoin the OAG's enforcement of the subpoena. The district court denied VDARE's request for a preliminary injunction on *res judicata* grounds and later dismissed the complaint altogether for the same reason. VDARE timely appealed each of the district court's decisions.

While the present appeal was pending, on February 15, 2024, the First Department affirmed the state court's order granting the OAG's petition to compel compliance with its subpoena. *See People v. VDARE Found., Inc.*, 205 N.Y.S.3d 348, 349–50 (1st Dep't 2024). The First Department rejected VDARE's arguments that the subpoena infringed on its or its vendors' and contractors' First Amendment rights, holding among other things that VDARE had failed to show that the disclosure of vendors' identities subject to a confidentiality agreement would impact its members' associational rights. *See id.* The First Department likewise rejected VDARE's contention that the OAG "was targeting it for its protected speech." *Id.* at 350. Finally, on June 13, 2024, the New York Court of Appeals

8

*sua sponte* dismissed VDARE's appeal "upon the ground that no substantial constitutional question is directly involved." *People v. VDARE Found., Inc.*, 41 N.Y.3d 1009 (2024).[2]

## II. DISCUSSION

On appeal, VDARE principally challenges the district court's claim-preclusion analysis, asserting that the state court's order did not satisfy the elements of New York's *res judicata* test and that, in any event, general principles of equity precluded application of *res judicata* in this case. We disagree. Because we conclude that the district court correctly dismissed the action on *res judicata* grounds, we affirm the district court's judgment and dismiss as moot VDARE's challenge to the district court's denial of its request for a preliminary injunction.

### A. Standard of Review

We review *de novo* the district court's application of *res judicata* and dismissal under Rule 12(b)(6). *Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024). In reviewing a *res judicata* defense on a Rule 12(b)(6) motion, a court's review "is

---

[2] The parties continue to litigate VDARE's compliance with the subpoena in state court. Most recently, on November 17, 2025, the state court re-affirmed that VDARE's failure to produce 556 documents in an accessible format has resulted in a finding of contempt against it and "an ongoing daily fine" at a rate of $1,000 per day. *People v. VDARE Found., Inc.*, No. 453196/2022 (N.Y. Sup. Ct. Nov. 17, 2025); *see also* Ref. Rep. & Recommendation, Doc. No. 361 at 3, *People v. VDARE Found., Inc.*, No. 453196/2022 (N.Y. Sup. Ct. Aug. 1, 2025).

9

limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine S.A. v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). A court may appropriately take judicial notice of filings and judgments made in state courts. *See, e.g.*, *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021).

## B. *Res Judicata* **Applies Here**

Federal courts are required "to give preclusive effect to state-court judgments whenever the courts of the [s]tate from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Because the New York Supreme Court issued the relevant prior judgment at issue, we apply New York law to determine the preclusive effect of that judgment in this action. Under New York law, a prior court decision has claim-preclusive effect when there is: (1) "a judgment on the merits . . . from a prior action"; (2) "between the same parties"; and (3) "involving the same subject matter." *In re Hunter*, 4 N.Y.3d 260, 269 (2005). This rule "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *Id.*

With respect to the first *res judicata* element, VDARE does not meaningfully dispute that the state court's order granting OAG's petition to compel qualified as

10

a final judgment on the merits. *See Bannon v. Bannon*, 270 N.Y. 484, 489–90 (1936); *see also In re 381 Search Warrants Directed to Facebook, Inc.*, 29 N.Y.3d 231, 243 (2017) ("[A]n order resolving a motion to quash . . . a subpoena is a final and appealable order in a special proceeding."). Nor is there any question that the second element of the *res judicata* test is satisfied, since the parties to both the state- and federal-court cases are identical. VDARE's appeal, then, hinges on the third *res judicata* element: whether the two suits involve the same subject matter.

New York courts apply "a transactional analysis approach" to determine whether two suits raise the same claims. *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021) (internal quotation marks omitted). Under this approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.* (emphasis omitted) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)). To determine whether "particular claims are part of the same transaction for *res judicata* purposes," courts have adopted a "pragmatic test" that examines "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business

11

understanding or usage." *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100–01 (2005) (internal quotation marks omitted).

Here, we conclude that an identity of claims exists between VDARE's federal action and the New York state subpoena enforcement proceeding. To begin, the state and federal actions arise out of the same set of operative facts and underlying dispute regarding the enforceability of the OAG's subpoena to VDARE. And although raised in distinct procedural forms, VDARE's federal complaint and its cross-motion to dismiss the state-court petition concern the same relevant harms: the OAG's alleged violations, through its issuance of the subpoena, of VDARE's rights under the First Amendment and New York State Constitution. Similarly, the interests of the respective parties are essentially the same across the two actions. The OAG brought the state proceeding to enforce the subpoena, which VDARE opposed in that forum; VDARE brought the federal action challenging and seeking to enjoin that same subpoena, which the OAG opposed in that forum. Success for VDARE in either state or federal court would have yielded the same result: the OAG would have been precluded from enforcing its subpoena. *Cf. O'Brien*, 54 N.Y.2d at 357–58 (applying *res judicata* "[w]hen alternative theories are available to recover what is essentially the same

relief for harm arising out of the same or related facts such as would constitute a single factual grouping" (internal quotation marks omitted)).

Indeed, VDARE itself recognized the overlap between the two actions. In its memorandum of law in support of its motion to dismiss or stay the state court action, VDARE argued that its "[f]ederal [c]omplaint is based on the *same underlying issues* raised by this special proceeding subsequently filed by the OAG." VDARE Mem. in Supp. of Mot. to Dismiss ("VDARE N.Y. Mem."), Doc. No. 51 at 4, *People v. VDARE Found., Inc.*, No. 453196/2022 (N.Y. Sup. Ct. Jan. 23, 2023) (emphasis added); *see* App'x at 232 (similar). It further noted that the federal action "duplicate[s] and overlap[s] with th[e] special proceeding" in that it alleges, among other things, "the OAG['s] unreasonabl[e] demands [for the] disclosure of identities of contractors indispensable to VDARE's work without any apparent legitimate investigatory purpose" in violation of "settled principles of constitutional law." VDARE N.Y. Mem. at 4; App'x at 232. VDARE went so far as to acknowledge that "[i]ssues decided in [the] first-filed federal case may be entitled to preclusive effect in this case." VDARE N.Y. Mem. at 6.

In other words, this is not a case where VDARE simply *could have* argued that the OAG's subpoena would chill its own free-association rights and those of

13

its vendors and contractors and that the overall investigation was a pretext for viewpoint-based retaliation. *See, e.g.*, *Matter of Grand Jury Subpoenas*, 72 N.Y.2d 307, 312 (1988); *Evergreen Ass'n v. Schneiderman*, 54 N.Y.S.3d 135, 145–46 (2d Dep't 2017) (narrowing subpoena after recipient argued subpoena interfered with First Amendment right to associate freely and anonymously).   VDARE in fact *did* make those arguments before the New York Supreme Court and First Department – both of which rejected them.[3]   In doing so, VDARE demonstrated its understanding that the recipient of a state petition to compel compliance with an OAG subpoena could use the special proceeding to challenge the constitutionality of the subpoena.

VDARE nevertheless asserts that the *res judicata* test is not satisfied here because it "did not receive a full and fair opportunity to litigate its First Amendment claims in the state court," VDARE Br. at 24, and "'formal barriers' to asserting [its] claim[s] existed in th[is] first forum," *id.* at 31 (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986)).   VDARE points to the summary nature of the state-court special proceeding, which does not allow for discovery without

---

[3] Although the First Department's affirmance was entered after the district court dismissed the federal suit, it is nonetheless relevant to our preclusion analysis.   *See* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4432 (3d. ed. updated Sep. 2025) (explaining that when "an appeal has been taken, the nature of the ultimate final judgment in a case ordinarily is controlled by the actual appellate disposition").

leave of the court and, according to VDARE, "makes no provision for the bringing of a counterclaim." *Id.* We are not persuaded.[4]

For starters, VDARE does not meaningfully explain why the state court "did not have the power to award the full measure of relief sought" or how there were any "formal barriers" to the assertion of its federal claims in the state-court proceeding. *Davidson*, 792 F.2d at 278 (internal quotation marks omitted). Contrary to VDARE's suggestion, N.Y. C.P.L.R. § 402 *does* allow for respondents to assert counterclaims in special proceedings, such that VDARE could have raised its First Amendment arguments as a counterclaim rather than as a defense in its cross-motion to dismiss. VDARE likewise does not explain why it could not have obtained from the New York Supreme Court the injunctive and declaratory relief that it sought in the federal action. *Cf. Davidson*, 792 F.2d at 278–79 (Article 78 proceeding did not bar subsequent section 1983 claims where state court could not

---

[4] In arguing that it lacked the "full and fair opportunity to litigate" its constitutional claims in state court, VDARE invokes the applicable standards used for collateral estoppel, or issue preclusion, which "is related to, but distinct from, the doctrine of *res judicata*," which the district court concluded barred VDARE's claims in federal court. *Simmons*, 37 N.Y.3d at 112 (explaining that issue preclusion applies "where the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the party who is being estopped had a full and fair opportunity to litigate the issue in the earlier action" (internal quotation marks omitted). VDARE does not argue that the district court applied the wrong doctrine, nor does it meaningfully explain – besides simply repeating one of its elements – whether or why issue preclusion applies here.

15

award plaintiff damages); *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994) (similar, with respect to state habeas corpus proceeding and subsequent section 1983 claims for compensatory and punitive damages).[5]  And as a practical matter, we discern no consequential difference between a state-court determination that an OAG's subpoena is unenforceable, and a federal court's grant of injunctive and declaratory relief barring enforcement of the subpoena; the effective relief under either scenario is the same.

Nor are we convinced that the more limited nature of the state proceeding compromised VDARE's ability to litigate its constitutional arguments.  While discovery may not have been available as of right, VDARE could have sought leave to take discovery in the state proceeding and does not explain why it failed to do so.  N.Y. C.P.L.R. § 408; *see, e.g.*, *Matter of Evercare Choice, Inc. v. Zucker*, 193 N.Y.S.3d 354, 361 (3d Dep't 2023) (remitting special proceeding to trial court to resolve fact questions at an evidentiary hearing).  In any event, we have previously rejected arguments that procedural differences like the ones VDARE

---

[5] We focus on injunctive and declaratory relief because, as VDARE concedes, the Eleventh Amendment and sovereign immunity bar its claims for compensatory and punitive damages against the Attorney General (sued only in her official capacity) for violating its rights under the First Amendment and Article I, Section 8 of the New York State Constitution.  Sp. App'x at 39 nn.3 & 4.

identifies here are relevant for *res judicata* purposes. *See Bartel Dental Books Co. v. Schultz*, 786 F.2d 486, 489 & n.1 (2d Cir. 1986) (applying *res judicata* "without regard" to whether state court held a "[full evidentiary] hearing" or plaintiff was in a "defensive posture" in the prior proceeding); *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 401 (2d Cir. 2022) (analogizing Massachusetts law to New York law and rejecting plaintiff's argument that *res judicata* did not apply because the prior state proceeding to set aside a civil investigative demand "was limited in nature").

Similarly, VDARE suggests that *res judicata* does not apply here because the applicable presumptions and burdens of proof in the state-court subpoena-enforcement proceeding favored the OAG; for example, the state court evaluated the subpoena in light of the "presum[ption] that the Attorney General acts in good faith." Reply Br. at 7 (internal quotation marks omitted). This may well be a valid argument under the doctrine of *issue* preclusion, because a "[f]ailure of one party to carry the burden of persuasion on an issue should not establish the issue in favor of an adversary who otherwise would have the burden of persuasion on that issue in later litigation." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 200 (2014) (internal quotation marks omitted). But *claim* preclusion – the doctrine at issue here – "is not affected by shifts or changes in the burden of

17

persuasion so long as successive proceedings in fact involve the same claim." 18 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 4422 n.1 (3d ed. updated Sep. 2025); *see O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 594 (3d Cir. 1989) ("[A]pplying claim preclusion when there are varying burdens of proof does not raise any problem analogous to the problem of applying issue preclusion."). As a result, VDARE's argument is of no moment here.

More broadly, our precedents addressing the preclusive effect of state court judgments involving motions to compel or quash subpoenas, as well as similar cases from outside the circuit, support our conclusion here. *See, e.g., Temple of Lost Sheep Inc. v. Abrams*, 930 F.2d 178, 180–84 (2d Cir. 1991) (issue preclusion barred religious society's federal claims related to attorney general's subpoena in charities-fraud investigation after state court denied plaintiff's motion to quash subpoena in prior suit); *Exxon Mobil Corp.*, 28 F.4th at 398–402 (similar); *Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 105 F.4th 67, 80–81 (3d Cir. 2024) (similar).

\* \* \*

In short, we conclude that all three elements of New York's claim preclusion test are satisfied and therefore agree with the district court that VDARE's claims brought in federal court are barred in light of the prior state-court judgment.

## C.  Other Considerations Do Not Preclude Application of *Res Judicata*

VDARE alternatively argues that, on the facts of this case, "[e]quity dictates against" preclusion and the district court "failed to do equity." VDARE Br. at 24, 29. To the extent that such arguments have not already been addressed above, we reject them here.

"The doctrine of *res judicata* serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case," and "[t]here is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (internal quotation marks omitted). For this reason, VDARE is unable to point to any case where a New York court has declined to give preclusive effect to a prior judgment based on generalized principles of equity.[6]

---

[6] We also reject, at the motion-to-dismiss stage, VDARE's invitation to engage in factfinding regarding what VDARE contends was bad-faith conduct by the OAG concerning the parties' discussions between July and December 2022 and the OAG's commencement of the state

19

VDARE also suggests at various points that *res judicata* should not apply here because VDARE filed its claims in federal court first, before the commencement of the state proceedings. But as the district court correctly noted, "for purposes of *res judicata*[,] the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect." *Forte v. Kaneka Am. Corp.*, 493 N.Y.S.2d 180, 183 (2d Dep't 1985). And "when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought." Restatement (Second) of Judgments § 14, cmt. a (1982). There can be no dispute that the state judgment was rendered ahead of the federal one here.[7]

VDARE contends that it chose to litigate its constitutional claims in a federal

proceeding.

[7] VDARE's general suggestion that it took the "initiative" in challenging the subpoena in federal court is likewise unpersuasive. VDARE Br. at 27. As the New York Court of Appeals has recognized, "the proper and exclusive vehicle to challenge the validity of a subpoena" is "[a] motion to quash or vacate." *Brunswick Hosp. Ctr., Inc. v. Hynes*, 52 N.Y.2d 333, 339 (1981). "Such a motion must be made promptly, generally before the return date of the subpoena." *Id.* VDARE took no such action here, and indeed, filed its federal suit challenging the subpoena months after the subpoena's return date and *after* it had begun producing responsive documents.

forum and thus cannot "be compelled, without [its] consent . . . , to accept instead a state court's determination of those claims." VDARE Br. at 27–28 (quoting *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964)). While this argument is not well-developed in its brief, it appears that VDARE is attempting to invoke the so-called *England* doctrine, which permits a "plaintiff [to] reserve his right to return to federal court for the disposition of his federal claims" "when a federal court abstains from deciding a federal constitutional issue to enable the state courts to address an antecedent state-law issue." *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 339 (2005) (citing *England*, 375 U.S. at 419). But VDARE makes no effort to explain why *England* applies in this case, which does not involve any "federal constitutional challenges to a state statute that can be avoided if a state court construes the statute in a particular manner," *id.*, and where VDARE took "action to broaden the scope of the state court's review beyond" the state law issue by raising its federal constitutional challenges in its cross-motion, *id.* at 340; *see Smith & Wesson Brands*, 105 F.4th at 84 (rejecting *England* reservation argument). As the Supreme Court has long recognized, state courts "are equally capable of safeguarding federal constitutional rights," *Haw. Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1325 (1983), and we see no reason to set aside the

21

district court's *res judicata* ruling on this ground.

Finally, we briefly address why VDARE's appeal of the district court's denial of VDARE's motion for a preliminary injunction must be denied as moot. As VDARE concedes, its motion for a preliminary injunction depended entirely on whether the district court correctly applied the doctrine of *res judicata* in dismissing its complaint. *See* Reply Br. at 8 ("The only reason the preliminary injunction was denied was the application of *res judicata*. With that out of the way, there is no reason the preliminary injunction should not be granted."). Given that we have concluded that the court below correctly determined that VDARE's claims are precluded by *res judicata* – which entails "dismiss[al of] the complaint in this case" – VDARE's appeal of the "denial of a preliminary injunction" "has become moot and is, accordingly, dismissed." *Ruby v. Pan Am. World Airways, Inc.*, 360 F.2d 691, 691 (2d Cir. 1966).

## III.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court and **DISMISS AS MOOT** the appeal of the district court's order denying VDARE's motion for a preliminary injunction.